COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | | |
|---|---|---|---|
| PHYLLIS NAIRN, | § | No. ( | |
| | § | | |
| | | Appeal from | |
| Appellant, | § | the | |
| | | | |
| v. | § | 146th Judicial District Court | |
| | § | | |
| KILLEEN INDEPENDENT SCHOOL DISTRICT, | § | of Bell County, Texas (TC#226,628-B) | |

Appellee.

## **O P I N I O N**

Appellant Phyllis Nairn (hereinafter "Appellant" or "Nairn") brought a whistleblower suit against Killeen Independent School District ("KISD" or "the District") claiming that KISD demoted her from her position as Special Education Coordinator to teacher, and ultimately did not renew her term contract with the District.   Subsequently, on July 3, 2008, she amended her petition to include claims of:   (1) discrimination based on her race, color, religion, sex, and national origin; (2) retaliation for exercising her rights under the First Amendment to the U.S. Constitution; (3) harassment and a hostile work environment; (4) a violation of her Due Process rights under the U.S. Constitution; and (5) wrongful termination.   The District filed a Plea to the Jurisdiction, a Motion for Summary Judgment, and a Supplemental Plea to the Jurisdiction. Appellant responded to the plea, the motion, and the supplemental plea.   Ultimately, the trial court granted KISD's motion for summary judgment and supplemental plea to the jurisdiction, and

struck Plaintiff's Third Amended Petition, disposing of the case. On appeal, Appellant raises five separate issues. Finding no error, we affirm.

## BACKGROUND

*Factual History*

Phyllis Nairn was the Special Education Coordinator at Shoemaker High School in the Killeen Independent School District in Bell County, Texas during the 2006-2007 school year. Her principal and direct supervisor was Ronald Gray. During the school year, Nairn reported what she alleged to be violations of the law to her immediate supervisor, Mr. Gray, KISD Superintendent Jim Hawkins, and other District administrators. Those violations included: (1) Mr. Gray's alleged sexual harassment of another female teacher; (2) alleged failures by the District to follow the special education testing and classification requirements of students; and (3) alleged failures by the District to follow the standardized testing requirements promulgated by the State of Texas.

At the conclusion of the 2006-2007 school year, the District reassigned Nairn from her position as Special Education Coordinator to the position of teacher, which she considered to be a demotion. On June 12, 2007, Nairn filed a grievance with the District challenging her reassignment. On September 25, 2007, the Board of Trustees for KISD considered Nairn's grievance and determined that she "has not carried her burden of proof in her claims of discrimination based upon race, gender, religion and national origin." The Board further found that neither Nairn's whistleblower claim nor her claims of harassment and retaliation were substantiated. However, the Board noted that Nairn's salary remained the same for the 2007-2008 school year during her reassignment as a teacher. As a result, the Board decided that

2

because Nairn's performance "should be judged based upon her position as a special education coordinator" she should be returned "to the title of special education coordinator," although not at Shoemaker High School. Finally, the Board directed the superintendent to fully investigate the "problems in the special education program" at Shoemaker High School for the 2006-2007 school year, and "take appropriate action accordingly." As of September 26, 2007, Nairn was placed on administrative leave with pay for an indefinite period while an investigation into the problems in the special education program at Shoemaker High School was conducted. Nairn was directed to remain available by telephone, and was prohibited from entering any KISD property during the pendency of the administrative leave.[1]

Upon completion of the investigation, the Board, by letter dated March 12, 2008, informed Nairn that it proposed not to renew her contract with the District. Nairn requested a hearing with the Board which took place on March 25, 2008, where she was present, but elected not to participate stating "I exercise my right to remain silent."

On April 1, 2008, the District formally informed Nairn that it would not renew her contract. On April 2, 2008, in an Amended Petition for Review filed with the Texas Commissioner of Education, Nairn requested a hearing relative to the nonrenewal of her contract with KISD. Petitioner's Brief was filed with the office of the Commissioner of Education on May 1, 2008, and alleged, *inter alia,* that the District retaliated against her when it did not renew her contract, because she had opposed a discriminatory practice in that she made a complaint of sexual harassment. Nairn also alleged that the District's action was arbitrary and capricious.

The Decision of the Commissioner was issued on May 20, 2008. Therein, the

---

[1] During the period of time that she was on paid administrative leave, on November 19, 2007, Nairn filed her Original Petition against KISD alleging violations of the Texas Whistleblower statute. *See* TEX.GOV'T CODE ANN. § 554.001, *et seq.* (West 2004).

Commissioner made numerous findings of fact. Some of those fact-findings were that: (1) Nairn was reprimanded on April 11, 2007 for making an inappropriate comment to another teacher by stating "you white people all look alike;" (2) Nairn was reprimanded on May 18, 2007 for failing to conduct a Texas Assessment of Knowledge and Skills test on April 2, 2007 because she did not reserve a room, failed to fill out forms, and fill out duplicate forms; (3) Nairn was counseled by her principal in May 2007 regarding the "widespread discontent of her staff, the 'toxic work environment' that was attributed to [her], [her] failure to respond to e-mails and her numerous failures regarding student testing;" and (4) there was no evidence to support Nairn's report of sexual harassment.[2] [3]

The Commissioner noted that despite the claims raised by Nairn, "the record contains substantial evidence supporting other, nonretaliatory, performance-based reasons for nonrenewal" of her contract.

In the Conclusions of Law section of his Decision, the Commissioner determined that: (1) he had jurisdiction over the matter pursuant to TEX.EDUC.CODE ANN. § 21.301; (2) Nairn "failed to establish a causal connection between her report objecting to an incident of alleged sexual harassment" and KISD's proposal for nonrenewal; (3) there was no evidence that Nairn had "a reasonable belief of unlawful conduct" when she reported an incident of alleged sexual harassment; (4) Nairn's contract was not "nonrenewed in retaliation for opposing a discriminatory practice, sexual harassment, under TEX. LABOR CODE § 21.055(1) and 42 U.S.C. §

---

[2] The Decision of the Commissioner specifically notes that each finding of fact is supported by substantial evidence.

[3] Nairn complained that her principal, Mr. Ronald Gray, committed sexual harassment by hugging another teacher. The Commissioner determined that the teacher informed Nairn not to make a report of sexual harassment, that she was not offended by the action, and "that there was nothing to it" [the incident of hugging]. The Commissioner further found that there was no evidence of other teachers' beliefs that the principal's actions constituted sexual harassment or that a hostile working environment had been created, nor was there any evidence that "Petitioner's report concerning harassment was based upon a reasonable belief of unlawful conduct."

4

2000e-3(a);" (5) Nairn failed to exhaust administrative remedies regarding her reasonable belief of unlawful conduct and her retaliation claim[4]; (6) Nairn, by failing to object to the consideration of the 2006-2007 performance evidence and by failing to raise the issue of the lack of 2007-2008 evidence, waived any complaint to such evidence or the lack thereof; (7) Nairn failed to exhaust administrative remedies regarding the issue of the Board's consideration of the 2006-2007 performance evidence and the lack of 2007-2008 evidence; (8) Nairn failed to present evidence or argument to the Board regarding remediation and waived the same; (9) Nairn failed to exhaust administrative remedies regarding the issue of remediation; (10) while Nairn preserved the issue of insufficient time to obtain legal counsel, there is no requirement that the Board grant additional time to secure legal counsel, nor is there any evidence that the Board acted arbitrarily and capriciously in denying Nairn's request for additional time to secure counsel; (11) Nairn failed to maintain an effective working relationship or maintain good rapport with parents, the community or colleagues and failed to meet the District's standards of professional conduct by making "inappropriate or unprofessional comments;" (12) Nairn failed to fulfill her duties and responsibilities, was incompetent or inefficient in performing her duties, failed to discharge her duties with regard to the testing program, and overall, performed her duties inadequately during the April 2007 Texas Assessment of Knowledge and Skills testing; (13) Nairn's performance following the renewal of her contract for the 2007-2008 constitutes substantial evidence to support nonrenewal; and (14) KISD's decision to nonrenew Nairn's term contract of employment was supported by substantial evidence and was not unlawful, arbitrary, or capricious.

Finally, the Commissioner concluded that Nairn's appeal should be denied in part and

---

[4] The Commissioner determined that because Nairn failed to present facts and evidence on these issues to the Board, she failed to exhaust administrative remedies and waived the claims.

dismissed in part, and disposed of all of the issues raised in the appeal.

On July 3, 2008, Nairn filed her First Amended Original Petition against KISD in the District Court. Therein, she alleged the facts and claims noted above.

*Procedural History*

KISD filed a Plea to the Jurisdiction on October 2, 2008 arguing that because Nairn failed to appeal the Decision of the Commissioner under Chapter 21 of the Texas Education Code within thirty days after she or her representative received notice of the Commissioner's decision, the district court was without jurisdiction to hear her claims. On November 4, 2008, Nairn filed her Response to KISD's Plea to the Jurisdiction and asserted that it was inappropriate for the District to argue the merits of Nairn's claims in its Plea to the Jurisdiction, and that the deadlines set out in the Texas Labor Code were inapplicable to her claims regarding the District's violations of her federal constitutional and statutory rights.

On May 26, 2009, KISD filed its Motion for Summary Judgment arguing that: (1) the Decision of the Commissioner became final and unappealable when Nairn failed to appeal the decision to the district court in accordance with the provisions of the Texas Labor Code; (2) Nairn's claims for discrimination, violations of the First Amendment, hostile work environment, violations of Due Process, and wrongful termination were precluded by the doctrine of collateral estoppel in that the facts underlying each of those claims were decided in favor of KISD by the Texas Commissioner of Education; and (3) Nairn's claims under the Texas Whistleblower statute failed as a matter of law for the reason that she was unable to establish that she made a good faith report of sexual harassment or that such report was a "but-for" cause of KISD's determination not

6

to renew her contract.[5]

Appellant filed her Response to Defendant's Motion for Summary Judgment on June 19, 2009 asserting that the District was not entitled to summary judgment because it could not negate at least one element of each of Nairn's claims, nor could the District conclusively prove each element of its affirmative defenses.[6] Appellant also argued that the deadline to appeal a decision by the Commissioner of Education was inapplicable to Nairn's claims regarding violations or her federal constitutional or statutory rights and that the doctrine of collateral estoppel did not bar Appellant's causes of action or defenses because the Commissioner did not consider or hear all of the facts underlying those claims or defenses, and as a result, the facts pled by Nairn in support of her claims were not previously adjudicated. Finally, Appellant asserted that her whistleblower claim did not fail as a matter of law because she was not required to exhaust administrative remedies as to that claim, and because the facts underlying that claim were not fully developed and fairly litigated before the Commissioner of Education.

On that same day, Appellant filed her Second Amended Original Petition adding a claim for tortuous interference with contract. In support of that claim, Nairn argued that she entered into contracts with parents to serve as a special education advocate and the District interfered with those ongoing and prospective contracts and business relationships by its actions as set forth in the

---

[5] In support of its Motion for Summary Judgment, KISD offered the following: (1) the Decision of the Commissioner of Education dated May 20, 2008; (2) a copy of a letter dated September 26, 2007 from Jim Hawkins to Phyllis Nairn relating to Nairn being placed on administrative leave with pay; (3) a copy of Nairn's Term Contract of Employment with KISD dated March 5, 2007; and (4) copies of excerpts from the Reporter's Record of the KISD Board of Trustees Nonrenewal Hearing for Phyllis Nairn conducted on March 25, 2008.

[6] It appears that Appellant believed that the District was urging a no evidence motion for summary judgment pursuant to Texas Rule of Civil Procedure 166a(i) when she noted in her Response to the Motion for Summary Judgment that "the District's motion appears to be based solely on Mrs. Nairn's pleadings." Given that KISD submitted evidence in support of its Motion for Summary Judgment, it is clear that the District was proceeding under the traditional summary judgment standard pursuant to Rule 166a(c) of the Texas Rules of Civil Procedure.

Second Amended Petition.

On July 1, 2009, KISD filed its Supplemental Plea to the Jurisdiction urging the trial court to find that it had no jurisdiction to consider Appellant's claim for tortuous interference with contract because KISD enjoys sovereign immunity from all intentional torts, except those which arise from the operation or use of a motor vehicle.

On February 12, 2010, the trial court, without specifying the grounds upon which it relied, granted summary judgment as to Appellant's claims under the Texas Whistleblower Act, as well as her claims for discrimination, constitutional deprivations, due process violations, wrongful termination, retaliation, and hostile work environment. Later, the trial court also granted KISD's Supplemental Plea to the Jurisdiction relative to Appellant's claim for tortuous interference with contract finding that it had no jurisdiction to consider the claim.[7]

On April 30, 2010, prior to entry of the trial court's Final Order, but some three months after the parties had been notified of the court's granting of KISD's motion for summary judgment, Appellant filed her Third Amended Original Petition which added a claim that KISD had retaliated against Nairn for filing complaints with the Equal Employment Opportunity Commission pursuant to 42 U.S.C. § 2000e-3. The District filed a Motion to Strike Plaintiff's Third Amended Original Petition arguing that Nairn: had not sought leave of court to file the amendment; and the filing of the amendment was solely a dilatory tactic to delay entry of final judgment by the court. Appellant responded that the court's granting of summary judgment did not dispose of all claims,

---

[7] The trial court held a hearing on the motion for summary judgment on July 10, 2009. On January 19, 2010, the court, by letter, informed the parties that KISD's motion for summary judgment was granted. An entry of judgment hearing was held on March 12, 2010, at which time Appellant's counsel objected to Judge Morris continuing to preside over the case. No motion to recuse was ever filed in the case, and there is no record of the March 12, 2010 hearing. Judge Morris requested a visiting judge to preside over the case, and Judge Strauss was assigned to do so. The reasons for Judge Morris' request are not contained in the record.

and alternatively, that Nairn should be granted leave to amend. On July 14, 2010, Nairn filed a Motion for New Trial.

On June 23, 2010, following his appointment, Judge Strauss held an entry of judgment hearing. At the conclusion of the hearing, the trial court again granted KISD's Motion for Summary Judgment, Supplemental Plea to the Jurisdiction, granted KISD's Motion to Strike Plaintiff's Third Amended Original Petition, and denied Plaintiff's Motion for New Trial.

## DISCUSSION

Appellant raises five issues for our consideration, four of which essentially allege that the trial court erred in granting Appellee's plea to the jurisdiction and motion for summary judgment. Specifically, Appellant argues that: (1) she was not required to pursue her federal statutory or constitutional claims through the Education Code's administrative review scheme; (2) her claims are not barred by the doctrine of collateral estoppel because they were not fully and fairly adjudicated by the Commissioner of Education; (3) her claims are not barred because they are, in part, based on facts that occurred after the Commissioner of Education issued his decision and after the District filed its plea to the jurisdiction; and (4) she should have been permitted to file her Third Amended Original Petition because the District's partial summary judgment was not a trial. In her fifth issue, Appellant argues that Judge Rick Morris should have recused himself from hearing the matter because he had an economic interest in the outcome of the proceedings.

### *Standard of Review – Summary Judgment*

We review a trial court's summary judgment *de novo*. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Our review is limited to consideration of the evidence presented to the trial court. *Mathis v. Restoration Builders, Inc.*,

9

231 S.W.3d 47, 52 (Tex.App.--Houston [14th Dist.] 2007, no pet.). When a summary judgment does not state or specify the grounds upon which it relies, we may affirm the judgment if any of the grounds presented in the summary judgment motion are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Prize Energy Resources, L.P. v. Cliff Hoskins, Inc.*, 345 S.W.3d 537, 556 (Tex.App.--San Antonio 2011, no pet.).

A party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). To determine if the non-movant raises a fact issue, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848, *citing City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).

*Exhaustion of Administrative Remedies*

Texas law requires an aggrieved party to exhaust all remedies provided under the applicable administrative scheme if the party's claim: (1) concerns the administration of school laws; and (2) involves questions of fact. *Mission Indep. Sch. Dist. v. Diserens*, 188 S.W.2d 568, 570 (Tex. 1945); *Ysleta Indep. Sch. Dist. v. Griego*, 170 S.W.3d 792, 795 (Tex.App.--El Paso 2005, pet. denied). In addition, the Term Contract Nonrenewal Act, which is found in Chapter 21 of the Education Code, provides an administrative procedure by which a school teacher, who is employed under a term contract, may seek judicial review of a district's decision not to renew the

10

contract.  *See Griego,* 170 S.W.3d at 794; *see also Gutierrez v. Laredo Indep. Sch. Dist.,* 139 S.W.3d 363, 366-67 (Tex.App.--San Antonio 2004, no pet.).  The Act requires a teacher who is aggrieved by the nonrenewal of a term contract to exhaust administrative remedies before seeking redress in the courts.  *See* TEX.EDUC.CODE ANN. § 21.209 (West 2006); *see also Brown v. Amarillo Independent School Dist.,* 190 S.W.3d 7, 10 (Tex.App.--Amarillo 2005, no pet.), *citing Tex. Educ. Agency v. Cypress–Fairbanks,* 830 S.W.2d 88, 90 (Tex. 1992).  "An employee who alleges that a school district wrongfully terminated an employment contract must apply to the school authorities for relief before filing suit in the district court."  *Griego,* 170 S.W.3d at 795; *see also Larsen v. Santa Fe Indep. Sch. Dist.,* 296 S.W.3d 118, 128-29 (Tex.App.--Houston [14th Dist.] 2009, pet. denied); *Gutierrez,* 139 S.W.3d at 366-67.

When a teacher asserts a claim based on nonrenewal of a term contract, the last step in the administrative process is an appeal to the Commissioner of Education.  TEX.EDUC.CODE ANN. § 21.209 (providing that "[a] teacher who is aggrieved by a decision of a board of trustees on the nonrenewal of the teacher's term contract may appeal to the commissioner for a review of the decision of the board of trustees . . . .").  Similarly, a person must pursue her claim with the Commissioner of Education before filing suit when the claim involves actions or decisions by the school board that allegedly violate either state school laws or a provision of a written employment contract between a school district and an employee if the violation would cause the employee to suffer monetary harm.  *See* TEX.EDUC.CODE ANN. § 7.057(a)(West Supp. 2011).  Only when an appeal to the Commissioner of Education has been exhausted will a district court have jurisdiction to hear a school district employee's breach of contract claim premised on contract nonrenewal or the grounds specified in Section 7.057(a).  *See* TEX.EDUC.CODE ANN. §

11

21.307; *see also Griego,* 170 S.W.3d at 795; *Dotson v. Grand Prairie Indep. School Dist.,* 161 S.W.3d 289, 291 (Tex.App.--Dallas 2005, no pet.).

The record shows that Nairn initiated KISD's administrative grievance process by filing a level one grievance. Nairn proceeded through the internal grievance process which culminated on March 25, 2008, when she obtained a level three decision from KISD's board of trustees. She then appealed to the Texas Commissioner of Education on April 2, 2008.

To invoke judicial review of the Commissioner's Decision, Nairn was obligated to perfect an appeal to the district court in the county in which the district's central administrative offices are located, or Travis County if all parties agree. TEX.EDUC.CODE ANN. § 21.307(a). Such appeal to the district court must be perfected no later than the 30th day after the date the party or the party's representative receives notice of the commissioner's decision or, if a request for a rehearing is filed, the date on which such request is denied by the commissioner. TEX.EDUC.CODE ANN. § 21.307(b). The commissioner and each party to the appeal to the commissioner must be made a party to the appeal under this section. TEX.EDUC.CODE ANN. § 21.307(c).

In its plea to the jurisdiction, KISD asserts that Appellant did not timely perfect an appeal under the relevant provisions of the Education Code, and that the findings of fact by the Commissioner preclude Nairn from re-litigating those same facts in the trial court. Nairn counters that she was not required to pursue her federal statutory or constitutional claims through the administrative review process set forth in the Education Code in order for the trial court to have jurisdiction over her claims regardless of the facts on which those claims are based. She asserts that underpinning all of her claims is her assertion that KISD engaged in discriminatory

12

employment practices.

It is undisputed that Nairn did not perfect an appeal under the relevant provisions of the Texas Education Code. Neither did she name the Commissioner of Education as required by § 21.307(c) of the Education Code. Instead, she amended the lawsuit she previously filed in the district court. Because Appellant did not appeal the Commissioner's decision within thirty days after the date she or her representative received notice of the Commissioner's decision, the district court was precluded from exercising jurisdiction over these issues decided by the Commissioner. *Moses v. Dallas ISD,* 12 S.W.3d 168, 171-72 (Tex.App.--Dallas 2000, no pet.).

The question then becomes what issues were resolved by the Commissioner. There is no dispute that the primary issue Nairn appealed to the board and then to the Commissioner was the nonrenewal of her term contract. A review of the Decision of the Commissioner reveals that the majority of the issues addressed in his decision relate to the nonrenewal of Nairn's term contract of employment with KISD. As a result, to the extent that Nairn attempted to litigate that issue in the district court, she was precluded from doing so because the district court had no jurisdiction to hear the facts in support of that claim. *See Moses,* 12 S.W.3d at 172. The Commissioner's determination of the facts related to the nonrenewal of Nairn's contract are identical to the facts relative to her wrongful termination claim. In effect, the wrongful termination claim is a re-statement of the contract nonrenewal claim. As such, the district court did not have subject matter jurisdiction to consider Nairn's wrongful termination claim.

Next, the District asserts that all of the claims brought by Nairn in her Original Petition, First Amended Original Petition, and Second Amended Original Petition are barred by the doctrine of collateral estoppel. Nairn counters that collateral estoppel is inapplicable because all

13

of her claims were not fully and fairly adjudicated before the Commissioner and because her claims are based, in part, on facts which occurred after the Commissioner issued his decision and after the District filed its plea to the jurisdiction.

Collateral estoppel applies to administrative agency orders when the agency is "[a]cting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate . . . ." *Bryant v. L.H. Moore Canning Co.,* 509 S.W.2d 432, 434 (Tex.Civ.App.--Corpus Christi), *cert. denied,* 419 U.S. 845, 95 S.Ct. 79, 42 L.Ed.2d 74 (1974), *quoting United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 421-22, 86 S.Ct 1545, 1559-60, 116 L.Ed.2d 642 (1966); *Railroad Comm'n. v. Phillips,* 364 S.W.2d 408, 411 (Tex.Civ.App.--Austin 1963, no writ). An agency must have jurisdiction over the disputed issues for courts to give agency findings preclusive effect. *See Puga v. Donna Fruit Co., Inc.,* 634 S.W.2d 677, 680 (Tex. 1982). Even if the agency is powerless to grant all the relief requested, if it has the authority to make incidental findings essential to the granting of the relief, the agency has primary jurisdiction to hear the dispute. *Texas Educ. Agency,* 830 S.W.2d at 90-1; *Lake Country Estates, Inc. v. Toman,* 624 S.W.2d 677, 681 (Tex.App.--Fort Worth 1981, writ ref'd n.r.e.).

The Commissioner of Education had jurisdiction over the disputed issues regarding Nairn's employment contract. Section 21.209 of the Texas Education Code provides that the commissioner's jurisdiction extends to appeals by any person aggrieved by actions or decisions of any board of trustees or board of education. *See* TEX.EDUC.CODE ANN. § 21.209.

The Commissioner held a full hearing on Nairn's appeal of KISD's nonrenewal of her term employment contract. Both Nairn and KISD were represented by counsel at the administrative hearing and they were adversaries in the administrative proceeding. The Commissioner entered

14

findings of fact and conclusions of law as to all facts and issues encompassing the nonrenewal of Nairn's contract. Clearly, the Commissioner acted in a judicial capacity and resolved disputed issues of fact which were properly before him. *See Bryant,* 509 S.W.2d at 434.

Based on the Decision of the Commissioner, it is apparent that during the agency hearing, the parties had an adequate opportunity to fully and fairly litigate the issue of the nonrenewal of Nairn's contract as well as the facts supporting the positions of both parties. The record is devoid of any additional facts which occurred after the Commissioner of Education's decision and after the District filed its plea to the jurisdiction. Under the principle of collateral estoppel, the Commissioner's fact-findings on the nonrenewal of Nairn's contract bind the trial court. *See Muckelroy v. Richardson ISD,* 884 S.W.2d 825, 830 (Tex.App.--Dallas 1994, writ denied); *Vaughn v. Burroughs Corp.,* 705 S.W.2d 246, 249 (Tex.App.--Houston [14th Dist.] 1986, no writ).

We conclude that while the trial court did not have jurisdiction to consider any claim related to the nonrenewal of Nairn's term contract of employment with KISD, including her wrongful termination claim, it properly considered the claims raised by Nairn in her First Amended and Second Amended Original Petitions because those claims were separate and distinct from wrongful termination and contract nonrenewal. However, under the principle of collateral estoppel, the facts determined by the Commissioner were binding on the trial court. Against that backdrop, we turn to the District's Motion for Summary Judgment.

Nairn alleged that KISD violated her constitutional rights by discriminating against her on the basis of her race, color, religion, sex, or national origin under color of state law by treating her differently than other similarly situated individuals.

A person alleging discrimination in an employment context must present a *prima facie* case

15

of discrimination, *Quantum Chem. Corp. v. Toennies,* 47 S.W.3d 473, 477 (Tex. 2001), by presenting evidence that she is a member of a protected class, she was qualified for her position, she was subjected to an adverse employment action, and she was treated less favorably than others outside the protected class who were similarly situated to her. *Davis v. Houston Cmty. College Sys.* No. 01-04-01160-CV, 2006WL3933852, *2 n.1 (Tex.App.--Houston [1st Dist.] Jan. 25, 2007, no pet.). The facts Appellant sets forth in support of this claim are the same facts resolved by the Commissioner. In this case, there is no evidence in the record that Nairn was treated less favorably than others outside the protected class who were similarly situated to her. As a result, Appellant is unable to establish even a *prima facie* case for discrimination. However, assuming that she was able to do so, the burden of production would shift to KISD who would be obligated to show a legitimate, non-discriminatory reason for the adverse employment action. *See Okoye v. Univ. of Tex. Houston Health Science Ctr.,* 245 F.3d 507, 512-13 (5th Cir. 2001). Here, the decision of the Commissioner, acting in a judicial capacity, based on all of the facts presented by the parties, clearly establishes multiple legitimate, non-discriminatory reasons for the adverse action. Once KISD articulates a legitimate, nondiscriminatory reason for an employment action, the burden returns to Nairn to show that the stated reasons were pretextual and that the real reason was discrimination. *See Quantum Chem. Corp.*, 47 S.W.3d at 482. Nairn presented no evidence showing that KISD's stated reasons were pretextual.

Nairn also alleges that the District retaliated against her when she exercised her rights under the First Amendment of the Constitution of the United States. The elements of such a claim are: (1) speech by a public employee involving a matter of public concern; (2) the employee's interest in commenting on a matter of public concern outweighs the employer's interest in

16

efficiency; (3) an adverse employment action; and (4) the speech motivated the adverse employment action. *Guillaume v. City of Greenville*, 247 S.W.3d 457, 463-64 (Tex.App.--Dallas 2008, no pet.). An adverse employment action is one that a reasonable employee would find to be "materially adverse," *i.e.*, "the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination" under federal law. *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 57, 126 S.Ct. 2405, 2409, 165 L.Ed.2d 345 (2006). The facts Appellant sets forth in support of this claim are the same facts resolved by the Commissioner. Other than the allegations contained in her petitions, Appellant has presented no evidence that she spoke out on a matter involving public concern, that her interest in speaking outweighed her employer's interest in efficiency, and that her speech motivated the District's adverse employment action against her. Indeed, the Commissioner, acting in a judicial capacity, determined that the decision not to renew Nairn's term contract, based on substantial evidence, was her exceptionally poor job performance as well as the reprimands she had received.

Appellant next alleges a claim of hostile work environment. The elements of a *prima facie* case of hostile work environment are: (1) the employee belongs to a protected group; (2) the employee was subjected to unwelcome harassment; (3) the harassment complained of was based on the protected characteristic, *e.g.*, race or gender; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Bartosh v. Sam Houston State Univ.*, 259 S.W.3d 317, 325 n.14 (Tex.App.--Texarkana 2008, pet. denied). A plaintiff complaining of harassment by a supervisor need show only the first four elements. *Id.*

In her pleadings and brief, Nairn contends "[s]he was subjected to a hostile work

17

environment in which male supervisors were allowed to sexually harass female employees without repercussion." Each of the facts underlying this conclusory allegation were heard by the Commissioner, acting in a judicial capacity. They are the same facts alleged by Nairn in support of her other claims and in support of her assertion as to why the District did not renew her contract. There is no evidence in the record that Nairn was subjected to unwelcome harassment. Indeed, the single instance of conduct referred to by Nairn was refuted by the employee herself.[8] The Commissioner, acting in a judicial capacity, based on the facts presented by the parties, found no evidence of a hostile work environment and no evidence that Nairn's report concerning harassment was based on a reasonable belief of unlawful conduct.

Nairn next alleged that the District violated her Due Process rights. There are two types of possible due process violations, procedural and substantive. *Dallas County v. Gonzales,* 183 S.W.3d 94, 111 (Tex.App.--Dallas 2006, pet. denied). In examining a claim of procedural due process, courts apply the following test: (1) whether the plaintiff has a liberty or property interest entitled to procedural due process; and (2) if so, what process is due. *Id.* In a claim regarding substantive due process, the test is: (1) whether the plaintiff has a protected property interest; and (2) if the government deprived the person of that interest capriciously and arbitrarily. *Id.* A constitutionally protected property interest is an "individual entitlement grounded in state law, which cannot be removed except 'for cause.'" *Id.* Each of the facts argued by Nairn in support of this claim are the same facts argued by Nairn to the Commissioner, acting in a judicial capacity. Here, because Nairn does not have a constitutionally protected property interest in her position with the District, as noted by the Commissioner in his decision, she is unable to establish a violation of due process. *See* TEX.EDUC.CODE ANN. § 21.204(e)(a teacher does not have a

---

[8] Conduct which Nairn never observed herself.

18

property interest in a contract beyond its term).

Next, Nairn alleges that the District retaliated against her generally because she reported alleged unlawful conduct. To establish a *prima facie* case of retaliation, Nairn must show that: (1) she engaged in a protected activity; (2) KISD took an adverse employment action against her; and (3) it did so because of her participation in the protected activity. *Herbert v. City of Forest Hill,* 189 S.W.3d 369, 376 (Tex.App.--Fort Worth 2006, no pet.). Nairn must establish that, absent the protected activity, the adverse employment action would not have occurred when it did. *See id.* at 377; *McMillon v. Texas Dep't of Ins.,* 963 S.W.2d 935, 940 (Tex.App.--Austin 1998, no pet.). Nairn need not establish that the protected activity was the sole cause of KISD's employment action. *Herbert,* 189 S.W.3d at 377.

The Texas Labor Code discrimination provisions are modeled after federal law, and Texas courts follow the federal statutes and cases in applying the Texas statute. *See* TEX.LAB.CODE ANN. § 21.001 (West 2006); *AutoZone, Inc. v. Reyes,* 272 S.W.3d 588, 592 (Tex. 2008)("By adopting the Act, the Legislature 'intended to correlate state law with federal law in employment discrimination cases.'"). Were Nairn able to establish a *prima facie* case of retaliation, the burden would shift to KISD to articulate a nondiscriminatory reason for the adverse employment action. *McCoy v. Texas Instruments, Inc.,* 183 S.W.3d 548, 555 (Tex.App.--Dallas 2006, no pet.). Once KISD articulates a legitimate, nondiscriminatory reason for an employment action, the burden returns to Nairn to show that the stated reasons were pretextual and that the real reason was retaliation. *See Quantum Chem. Corp.,* 47 S.W.3d at 482. Each of the facts alleged by Nairn in support of this claim are the same facts presented to the Commissioner, acting in a judicial capacity, during Nairn's appeal of the nonrenewal of her contract. Even if she was able to

19

establish a *prima facie* case of retaliation, the Decision of the Commissioner, acting in a judicial capacity, establishes multiple nondiscriminatory reasons for the adverse action, and Nairn has offered no evidence of pretext.

Finally, Nairn alleged a claim pursuant to the Texas Whistleblower Act. The elements of such a claim are: (1) that the plaintiff was a public employee; (2) that the defendant was a state agency or local government; (3) that the plaintiff reported in good faith a violation of law; (4) to an appropriate law enforcement agency; and (5) that the plaintiff's report was the but-for cause of the defendant's suspending, firing, or otherwise discriminating against the plaintiff at the time the defendant took that action. *Guillaume,* 247 S.W.3d at 461; TEX.GOV'T CODE ANN. § 554.004 (West 2004).

The Decision of the Commissioner speaks directly to two of the elements necessary for a whistleblower violation. First, the Commissioner found that there was "no evidence that Petitioner's report concerning harassment was based upon a reasonable belief of unlawful conduct," and that there was "no evidence that Petitioner had a reasonable belief of unlawful conduct when she reported an incident . . . ." Indeed, the Commissioner determined specifically that Nairn failed to "establish a causal connection between her report objecting to an incident of alleged sexual harassment and Respondent's proposal for nonrenewal." The Commissioner also found that "Petitioner's contract was not nonrenewed in retaliation for opposing a discriminatory practice, sexual harassment, under Tex. Labor Code § 21.055(1) and 42 U.S.C. 2000e-3(a)." Nairn cannot establish one of the elements of a valid whistleblower violation, and accordingly, her claim must fail.

Because collateral estoppel applies to administrative agency orders when the agency is

"[a]cting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate . . .," *Bryant,* 509 S.W.2d at 434, and because the Commissioner of Education had jurisdiction over the disputed facts and issues in this case, the district court correctly gave the Commissioner's findings preclusive effect. *See Puga,* 634 S.W.2d at 680. In light of the preclusive effect of the Commissioner's fact-findings, the trial court correctly determined, for purposes of summary judgment, that Appellant was unable to establish at least one element of each of the claims brought in her Second Amended Original Petition.

However, that determination did not apply to Appellant's claim for tortuous interference with contract. As to that claim, the trial court granted the District's Supplemental Plea to the Jurisdiction.

A plea to the jurisdiction is a dilatory plea by which a party challenges the court's authority to determine the subject matter of a cause of action. *Bland Independent School Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000); *see Texas Department of Transp. v. Jones,* 8 S.W.3d 636, 637-38 (Tex. 1999). A governmental unit's sovereign immunity deprives a trial court of subject matter jurisdiction. *Texas Dept. of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225-26 (Tex. 2004).

The plaintiff bears the burden to allege facts affirmatively proving that the trial court has subject matter jurisdiction. *Texas Dept. of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001); *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). To sue a governmental unit, the pleadings must allege consent to suit either by reference to statute or express legislative permission. *Jones,* 8 S.W.3d at 638-39; *City of El Paso v. Chacon,* 148 S.W.3d 417, 421 (Tex.App.--El Paso 2004, pet. denied). To prevail on a plea to the jurisdiction,

21

the defendant must show an incurable jurisdictional defect on the face of the pleadings. *City of Austin v. Rangel,* 184 S.W.3d 377, 381 (Tex.App.--Austin 2006, no pet.), *citing MAG–T, L.P. v. Travis Cent. Appraisal Dist.,* 161 S.W.3d 617, 624 (Tex.App.--Austin 2005, pet. denied).

We review a plea questioning the trial court's subject matter jurisdiction *de novo*. *See Miranda,* 133 S.W.3d at 226. In conducting our review, we do not look at the merits of the case but construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept the pleadings' factual allegations as true. *Texas Dept. of Transp. v. Ramirez,* 74 S.W.3d 864, 867 (Tex. 2002); *Texas Ass'n. of Business,* 852 S.W.2d at 446; *Arnold v. University of Texas Southwestern Medical Center at Dallas,* 279 S.W.3d 464, 467 (Tex.App.--Dallas 2009, no pet.); *City of Austin v. Lamas,* 160 S.W.3d 97, 100 (Tex.App.--Austin 2004, no pet.).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to the extent necessary to resolve the jurisdictional issues raised, just as the district court is required to do. *Miranda,* 133 S.W.3d at 227, *citing Bland Ind. Sch. Dist.,* 34 S.W.3d at 555. Where a plea to the jurisdiction includes evidence, and the jurisdictional challenge implicates the merits of the plaintiff's cause of action, the trial court reviews the relevant evidence to determine if a fact issue exists. *Miranda,* 133 S.W.3d at 227. If the evidence shows a fact question regarding the jurisdictional issue, a plea to the jurisdiction may not be granted and the fact finder should resolve the fact issue. *Id.* at 228. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the plea to the jurisdiction may be ruled on as a matter of law. *Id.*

KISD enjoys governmental immunity from suit for all torts, including intentional torts, except those which arise from the operation or use of a motor vehicle. *Watson v. Dallas ISD,* 135

S.W.3d 208, 222 (Tex.App.--Waco 2004, no pet.). Absent an express waiver of immunity, KISD is entitled to immunity from suit which would deprive the trial court of jurisdiction over the claim. *See State v. Shumake,* 199 S.W.3d 279, 283 (Tex. 2006). Because there is no waiver for Appellant's claim of tortuous interference with contract, regardless of how liberally we construe her pleading as to that claim, the trial court lacked subject matter jurisdiction to hear the claim and properly granted the District's Supplemental Plea to the Jurisdiction. *See Univ. Interscholastic League v. Southwest Officials Ass'n., Inc.,* 319 S.W.3d 952, 962-63 (Tex.App.--Austin 2010, no pet.).

Finally, in the "Facts" section of her Second Amended Original Petition, Nairn alleged additional facts not contained in her First Amended Original Petition. Those facts included: (1) that KISD harassed and punished Nairn's daughter and prevented Nairn and her husband from taking an active role in their daughter's education by barring Nairn from District property; (2) that the District interfered with Nairn's contracts with parents to serve as a special education advocate; and (3) that KISD refused to rehire Nairn in 2009. Nairn argues that these additional facts precluded the granting of summary judgment and the supplemental plea to the jurisdiction because they were not considered by the Commissioner. The District contends the trial court lacked jurisdiction to consider these additional facts because Nairn had not exhausted her administrative remedies.

To the extent that Nairn was alleging a new cause of action on behalf of her daughter by arguing that the District harassed and punished her daughter for Nairn's actions, such a claim was never presented to the District, the Board, or the Commissioner in any form. With respect to that claim, Nairn failed to exhaust administrative remedies and the trial court lacked subject matter

23

jurisdiction to hear said claim. Further, while Nairn was barred from KISD's property during the investigation conducted by the superintendent, nothing barred Nairn's husband from KISD property, and he was not precluded from taking an active role in his daughter's education. As to the "new fact" that the District interfered with Nairn's contracts with other parents, we have already determined that the trial court lacked jurisdiction to hear this claim inasmuch as it was simply a restatement of her tortuous interference with a contract claim. Finally, the "new fact" that KISD refused to rehire Nairn in 2009 was disposed of by the Commissioner when he, acting in a judicial capacity, determined that the District's nonrenewal of Nairn's contract was supported by substantial evidence that she had been twice reprimanded, was incompetent or inefficient in performing her duties, failed to discharge her duties with respect to the testing program, and overall performed her duties inadequately during the Texas Assessment of Knowledge and Skills testing period.

We conclude the trial court did not err in granting Appellee's motion for summary judgment and supplemental plea to the jurisdiction. Issues One, Two, and Three are overruled.

In Issue Four, Appellant claims that the trial court erred by striking her Third Amended Original Petition which included a new claim that the District retaliated against Nairn for filing complaints with the Equal Employment Opportunity Commission in violation of 42 U.S.C. § 2000e-3.

A party may not file an amended pleading within seven days of trial or thereafter without obtaining leave of court. TEX.R.CIV.P. 63. The court shall grant leave to amend unless there is a showing that the amendment will operate as a surprise to the opposing party. *Id.* Nairn contends that the District's motion for summary judgment was a partial motion, and that summary

judgment is not a trial within the meaning of Rule 63. A summary judgment proceeding is a trial within the meaning of Rule 63. *See Goswami v. Metropolitan S & L Ass'n.,* 751 S.W.2d 487, 490 (Tex. 1988); *Leche v. Stautz,* 386 S.W.2d 872, 873 (Tex.App.--Austin 1965, writ ref'd n.r.e.). The trial court's decision will not be disturbed unless the opposite party clearly shows an abuse of discretion. *Merit Drilling Co. v. Honish,* 715 S.W.2d 87, 91 (Tex.App.--Corpus Christi 1986, writ ref'd n.r.e.).

It is undisputed that Nairn did not seek leave of court to file her Third Amended Original Petition. The District filed a Motion to Strike claiming that the trial court had disposed of all of the issues in the case by way of summary judgment and the supplemental plea to the jurisdiction, and that the filing of the amendment was a dilatory tactic intended to delay the entry of final judgment. Nairn responded that while the court's intent as to the District's motion for summary judgment was clear, it was not clear that the court had disposed of the tortuous interference with contract claim. Nairn argues that as a result, she was entitled to amend her pleading under Rule 63 because the case was still active and such amendment would not operate as a surprise to the District.[9] However, the amendment was filed more than nine months after the trial court's hearing on the motion for summary judgment and more than ninety days after the trial court granted the summary judgment. A thorough review of the record makes it clear that the trial court was disposing of all of the claims in the case.

Regardless of how liberally we construe Rule 63, given that Appellant never sought leave to amend her pleading, and in consideration of the timing of the amendment, we cannot say that the trial court abused its discretion in striking Appellant's Third Amended Original Petition. Issue

[9] Nairn also asserts that Rule 63 should be liberally construed in favor of the party seeking to amend. *See Cuellar v. Garcia,* 621 S.W.2d 646, 648 (Tex.Civ.App.--Austin 1981, writ ref'd n.r.e.).

Four is overruled.[10]

Finally, in Issue Five, Appellant argues that "Judge Rick Morris should have recused himself from hearing this matter because he had an economic interest in the outcome of the proceedings."

A Texas judge may be removed from a case if he or she is (1) constitutionally disqualified, (2) subject to a statutory strike, (3) subject to statutory disqualification, or (4) subject to recusal under rules promulgated by the Texas Supreme Court. *Gaal v. State,* 332 S.W.3d 448, 452 (Tex.Crim.App. 2011). Rule 18b(2) of the Texas Rules of Civil Procedure sets forth the law specifically pertaining to recusal of judges. TEX.R.CIV.P. 18b(2); *Gaal,* 332 S.W.3d at 452-53 & n.12. It states in relevant part: "A judge shall recuse himself in any proceeding in which: (a) his impartiality might reasonably be questioned; [or] (b) he has a personal bias or prejudice concerning the subject matter or a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . ." TEX.R.CIV.P. 18b(2). Subsection (a) generally applies only when it appears that the judge "harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Gaal,* 332 S.W.3d at 453, *quoting Liteky v. United States,* 510 U.S. 540, 558, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (Kennedy, J., concurring). Subsection (b) more specifically addresses what the judge knows and feels. *Id.*

Recusal is generally not required purely on the basis of judicial rulings, remarks, or actions,

_____

[10] In addition, had Appellant been granted leave to amend, all of the facts underlying her new claim under 42 U.S.C. § 2000e-3 had previously been determined by the Commissioner, acting in a judicial capacity, by substantial evidence, in favor of the District and against Appellant. Specifically, the Commissioner found that "[p]etitioner's contract was not nonrenewed in retaliation for opposing a discriminatory practice, sexual harassment, under Texas Labor Code § 21.055(1) and 42 U.S.C. 2000e-3(a)." This is the additional claim asserted by Appellant in her Third Amended Original Petition. In light of the Decision of the Commissioner, Nairn was collaterally estopped from using those facts in support of her new claim.

as they would not on their own typically "evidence the degree of favoritism or antagonism required;" these will usually be grounds for reversal if in error, but not for recusal. *Gaal*, 332 S.W.3d at 454, *quoting Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). On the other hand, recusal is appropriate if the facts are such that a reasonable person would harbor doubts as to the impartiality of the trial judge. *Kemp v. State,* 846 S.W.2d 289, 305 (Tex.Crim.App. 1992).

We review an order denying a motion to recuse under an abuse of discretion standard, affirming so long as the ruling on the motion is within the zone of reasonable disagreement. *Gaal,* 332 S.W.3d at 456. We consider the totality of the evidence and information presented at the recusal hearing to see if the record reveals sufficient evidence to support the conclusion that the trial judge was unbiased. *Id.*

Appellant filed no motion to recuse Judge Morris in the trial court. Indeed, other than the arguments raised by Appellant in her brief, and an argument raised in Appellant's motion for new trial, the record contains nothing challenging Judge Morris whatsoever.[11]

In order to preserve a claim of recusal for appellate review, Appellant was obligated to file a verified motion to recuse at least ten days prior to the date set for trial or other hearing. *See* Tex.R.Civ.P. 18a(a); *Wirtz v. Massachusetts Mut. Life Ins. Co.,* 898 S.W.2d 414, 422-23 (Tex.App.--Amarillo 1995, no writ). This requirement is mandatory, and failure to comply waives any right to complain thereafter. *See Vickery v. Texas Carpet Co., Inc.,* 792 S.W.2d 759, 763 (Tex.App.--Houston [14th Dist.] 1990, writ denied). Because no motion to recuse, verified,

---

[11] In her Motion for New Trial, Appellant argues that Judge Morris should have recused himself or been disqualified because his wife, allegedly works for KISD as a teacher. As noted herein, Appellant did not file a motion to recuse Judge Morris and offered no evidence in support of this allegation in her Motion for New Trial. Additionally, the Motion for New Trial was not ruled on by Judge Morris, rather Judge Strauss denied the motion.

or otherwise, was ever filed in the case, we conclude that this issue was not preserved for our review.   Issue Five is overruled.

## CONCLUSION

Having overruled each of Appellant's issues, we affirm the trial court's judgment.


February 22, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.