# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40161
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2015

Lyle W. Cayce
Clerk

EVEN THOMAS, III,

> Plaintiff - Appellant

v.

BEAUMONT INDEPENDENT SCHOOL DISTRICT,

> Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-572

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

　　Even Thomas, III, proceeding pro se, appeals the district court's summary judgment dismissing all of his claims. After reviewing the district court's opinion, the record, and the applicable law, we agree with the district court. Accordingly, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40161

## I.    Factual Background

Thomas was initially hired by Beaumont ISD ("BISD") in 1993.  During the relevant period, the 2012-2013 and 2013-2014 school years, Thomas taught second grade.  The record shows that Thomas had performance problems, including: (1) tardiness and attendance; (2) following the school's grading policy; and (3) insubordination.  Additionally, parents and staff had concerns about Thomas's conduct and his classroom instruction.  Because of Thomas's conduct and performance, he was not recommended for a contract renewal.

Thomas sued BISD asserting a number of claims, including contract nonrenewal under state law, retaliation and hostile work environment under Title VII, disability discrimination under the American with Disabilities Act (the "ADA"), and violations of his *Weingarten* and First, Fourth, Fifth, and Fourteenth Amendment rights.  Magistrate Judge Keith Giblin granted summary judgment in favor of BISD.  On appeal, Thomas contends that Judge Giblin was biased against him, that fact issues exist in regard to his hostile work environment claim, and that BISD withheld exculpatory evidence and violated the district court's scheduling order.

## II.    Standard of Review

A district court's grant of summary judgment is reviewed *de novo* on appeal.  *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 635 (5th Cir. 2002).  Summary judgment is proper when there is no genuine issue as to any material fact.  *Haire v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 362 (5th Cir. 2013).

## III.    Discussion

A. *Judge Giblin's alleged bias is not a proper basis for appeal.*

Generally, one seeking disqualification of a judge must do so as soon as the basis for disqualification is apparent.  *See United States v. Sanford,* 157 F.3d 987, 988 (5th Cir. 1998) (quoting *Travelers Ins. Co. v. Liljeberg*

No. 15-40161

*Enters., Inc.,* 38 F.3d 1404, 1410 (5th Cir. 1994)). "The most egregious delay—the closest thing to *per se* untimeliness—occurs when a party already knows the facts purportedly showing an appearance of impropriety but waits until after an adverse decision has been made by the judge before raising the issue of recusal." *Id.* at 988–89.   Because Thomas's bias claim is based on Judge Giblin's recusal from Thomas's previous lawsuit against BISD, Thomas evidently had knowledge of a possible reason for disqualification as soon as this case was assigned to Judge Giblin.  Yet, Thomas waited until he received an adverse ruling to raise the recusal issue.  In addition to untimely raising the issue, Thomas has not identified any evidence of bias.  Accordingly, this court will not disturb the district court's judgment based on Thomas's untimely and unsubstantiated claim of bias.

B. *Thomas did not exhaust his nonrenewal of contract claim.*

In Texas, a plaintiff must exhaust all remedies under the applicable administrative scheme if the party's claim:  concerns the administration of school laws and involves a question of fact.  *Nairn v. Killeen Indep. Sch. Dist.*, 366 S.W.3d 229, 241 (Tex. App.—El Paso 2012, no pet.) (citing *Mission Indep. Sch. Dist. v. Diserens*, 188 S.W.2d 568, 570 (Tex. 1945)).  Under the Term Contract Nonrenewal Act, a teacher who is aggrieved by the nonrenewal of a term contract must exhaust administrative remedies before seeking judicial redress.  *Id.* at 241 (citing Tex. Educ. Code § 21.209 (West 2006)).  "[T]he last step in the administrative process is an appeal to the Commissioner of Education." *Id.*

Here, there is no evidence that Thomas exhausted his administrative remedies, specifically, that he appealed to the Commissioner of Education. The district court properly dismissed Thomas's nonrenewal of contract claim.

3

No. 15-40161

C. *Thomas did not establish all the elements of his hostile work environment claim.*

To prevail on a hostile work environment claim under Title VII, Thomas must establish that: (1) he belongs to a protected class; (2) he was subject to unwelcome harassment; (3) the harassment was based on the protected characteristic; and (4) the harassment was so serious as to affect a "'term, condition, or privilege' of employment." *See E.E.O.C. v. Boh Bros*, 731 F.3d 444, 453 (5th Cir. 2013) (en banc) (quoting *Lauderdale v. Tex. Dep't of Criminal Justice*, 512 F.3d 157, 162–63 (5th Cir. 2007)).

Thomas did not allege, or identify any evidence, that the alleged adverse treatment occurred because he was a member of a protected class. As a result, Thomas cannot establish that he was harassed based on a protected characteristic—the first and third elements of his claim.

D. *Thomas failed to proffer evidence of pretext to establish his retaliation claim.*

To survive summary judgment, Thomas must first establish a prima facie retaliation case by demonstrating: (1) that he engaged in protected activity under Title VII; (2) that BISD subjected Thomas to an adverse employment action; and (3) "but for" causation between the protected activity and the adverse employment action. *Scrivener v. Socorro Indep. Sch. Dist.*, 169 F.3d 969, 972 (5th Cir. 1999); *Long v. Eastfield College*, 88 F.3d 300, 305 n.4 (5th Cir. 1996). If Thomas establishes a prima facie case, the court next engages in the *McDonnell Douglas* burden-shifting framework. *See Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 191 (5th Cir. 2001). Under this framework, BISD must then "articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000). Once BISD provides a lawful reason for the adverse employment action, Thomas must proffer evidence that BISD's alleged lawful reason was pretextual. *Id.*

4

No. 15-40161

The district court correctly determined that Thomas's claim failed as a matter of law.  BISD proffered a lawful reason for taking adverse employment action against Thomas.  The record shows that Thomas was frequently absent, did not comply with the school's grading, attendance, and cell phone use policies, refused to meet with his superior, left his classroom unattended, and was the subject of several parent complains.  With the burden shifted back to him, Thomas did not identify any evidence of pretext.  Accordingly, the district court did not err in dismissing Thomas's retaliation claim.

E. *Thomas failed to exhaust his ADA claim.*

Under the ADA "[n]o action . . . shall be brought . . . if administrative remedies have not been exhausted."  42 U.S.C. § 6104(e)(2).  Here, Thomas's E.E.O.C. charge does not expressly complain of disability discrimination.  Moreover, a disability claim could not have reasonably grown out of the allegations in Thomas's charge.  This claim lacks any foundation in law.

F. *Thomas is precluded from asserting a Weingarten claim.*

In *Weingarten*, the Supreme Court held that the National Labor Relations Act (the "NLRA") "guarantees an employee's right to the presence of a union representative at an investigatory interview in which the risk of discipline reasonably inheres."  *Nat'l Labor Relations Bd. v. J. Weingarten, Inc.*, 420 U.S. 251, 262, 95 S. Ct. 959, 966 (1975).  But the Texas Supreme Court has specifically held that "[t]here is no question that Section 7 of the NLRA and the *Weingarten* decision apply *only* to private-sector employees."  *City of Round Rock v. Rodriguez*, 399 S.W.3d 130, 143 (Tex. 2013) (citing 29 U.S.C. § 152(2) (2012)) (emphasis added).  We agree with the district court that as a public school teacher, Thomas did not possess *Weingarten* representation rights.

No. 15-40161

G. *Thomas proffered insufficient evidence to move his Constitutional claims beyond the summary judgment stage.*

First, to set forth a First Amendment speech retaliation claim against BISD, Thomas must show: (1) an adverse employment decision; (2) speech involving a matter of public concern; (3) Thomas's interest in commenting on matters of public concern outweighs BISD's interest in promoting efficiency; and (4) Thomas's speech motivated the BISD's actions. *Teague v. City of Flower Mound, Tex.,* 179 F.3d 377, 380 (5th Cir. 1999). As the district court correctly found, Thomas did not identify the speech at issue or how the unidentified speech involved a matter of public concern. Therefore, Thomas's claim fails.

Second, a municipality or similar entity cannot be held liable for the Fourth Amendment violations of its non-policymaking employees under a respondeat superior theory of liability. *See Williams v. Kaufman County*, 352 F.3d 994, 1013 (5th Cir. 2003). But municipal liability can be established if the plaintiff identifies "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002).

Thomas did not offer competent summary judgment evidence to move forward his Fourth Amendment claim. Thomas's claim is premised on an incident where the school's principal called the police to have Thomas removed from school premises.[1] Thomas, however, did not identify BISD's unconstitutional policy or custom, nor did he proffer evidence indicating that

---

[1] The call was in response to Thomas's agitated conduct around students in the cafeteria.

6

the school's principal was a policy maker.  He has not stated a claim against BISD.

Third, regarding Thomas's claims under the Fifth and Fourteenth Amendments,  the analysis begins with an inquiry into whether the challenged conduct affected a life, liberty, or property interest protected by the Constitution.  *See Bd. of Regents v. Roth*, 408 U.S. 564, 569–71, 92 S. Ct. 2701, 2705–06 (1972).  Here, Thomas did not indicate which liberty or property interest he was deprived of by BISD.  Accordingly, the district court did not err in dismissing Thomas's constitutional claims.

      H. *Thomas's exculpatory evidence allegation does not warrant a reversal of the district court's judgment.*

Finally, Thomas contends that BISD withheld exculpatory evidence. Specifically, Thomas references tapes from his grievance hearing.  Thomas also alleges that BISD violated the district court's scheduling order.

Thomas's allegations are insufficient to set aside the district court's ruling.  The record shows that BISD produced the transcript and the audio recording from the grievance hearing.  Moreover, Thomas does not provide the court with a reason why, or an explanation of how, the evidence would be dispositive in his favor.  Finally, Thomas does not inform the court why BISD's alleged violation of the scheduling order should change the outcome of the case.

For the foregoing reasons, we **AFFIRM** the district court's judgment.