Mike **MOSES, Commissioner of Education, and Graciela Cortez, Appellants,**

v.

**DALLAS INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 05–99–00185–CV.

Court of Appeals of Texas, Dallas.

Feb. 15, 2000.

---

David Duane Davis, Domingo A. Garcia, Law Offices of Domingo A. Garcia, Dallas, George Warner, Asst. Atty. Gen., Austin, for Appellants.

Dennis J. Eichelbaum, Schwartz & Eichelbaum, P.C., Plano, for Appellee.

Before Justices OVARD, MOSELEY, and ROACH.

## OPINION

Opinion By Justice ROACH.

Mike Moses, the Commissioner of Education, and Graciela Cortez appeal the district court's reversal of the Commissioner's decision to reinstate Cortez as an instructional specialist in the Dallas Independent School District (DISD). For the reasons discussed below, we conclude the trial court lacked jurisdiction to decide this case. We therefore vacate the trial court's judgment and dismiss this case for want of jurisdiction.

### FACTUAL BACKGROUND

In July 1997, an assistant superintendent notified Cortez she intended to recommend to the DISD Board of Trustees that Cortez's employment contract with the school district be terminated for good cause. The specific grounds supporting the termination recommendation included: (1) failing to supervise and discipline an employee who solicited funds or goods without authorization; (2) advancing payments to seven people for work that was

not to be performed until the following school year; and (3) using the credit card of an employee she supervised.

Cortez contested the proposed termination to the Commissioner, who assigned a hearing examiner to the case in accordance with the procedures set forth in the Texas Education Code. After a four-day evidentiary hearing, the hearing examiner issued a written recommendation proposing Cortez's employment contract be terminated for good cause. The recommendation also included findings of fact and conclusions of law as required by the education code. The DISD Board of Trustees adopted the hearing examiner's findings of fact and conclusions of law as its own and terminated Cortez's employment contract with the school district.

Cortez filed a petition for review with the Commissioner on December 9, 1997. In accordance with the deadline set forth in the education code, DISD was therefore required to file the complete local record and any response to Cortez's petition by December 29, 1997. DISD asserts it mailed its answer and the complete local record, including the hearing examiner's recommendation, to the Commissioner on December 19, 1997. After learning the Commissioner denied receiving the record and answer, DISD forwarded the documents again in early January. The administrative record before us does not include the hearing examiner's recommendation and indicates the local record was not received by the Commissioner until January 8, 1998.

In the meantime, the parties jointly requested the appeal be abated to allow mediation of the dispute. The parties specifically agreed to waive any claim that the Texas Education Agency or the Commissioner failed to follow the procedural requirements of the education code.

On January 8, 1998, an administrative law judge appointed by the Commissioner signed an order abating the appeal for 120 days to permit mediation. The order also abated all procedural timeliness and deadlines previously set pending the outcome of mediation. The appeal was reinstated on February 23, 1998 after DISD informed the Commissioner that its board of trustees rejected the proposed mediation agreement. On March 23, 1998, the Commissioner issued his decision granting Cortez's appeal and ordering her reinstatement plus back pay from the date of termination. Among other things, the Commissioner concluded the decision of the school board was not supported by substantial evidence because the hearing examiner's findings of fact and conclusions of law were not properly submitted to the Commissioner.

DISD sought judicial review of the Commissioner's decision in the district court on April 20, 1998. After hearing oral argument and reviewing the administrative record, the district court reversed the Commissioner's decision and reinstated the school board's decision to terminate Cortez's employment contract. This appeal ensued.

## DISCUSSION

 Before we consider the merits of this appeal, we must first address the issue of whether the trial court had subject matter jurisdiction to hear this case. Although none of the parties have specifically raised or briefed this jurisdictional issue, the trial court's lack of subject matter jurisdiction is fundamental error that we may raise *sua sponte* because our jurisdiction over the merits of a case is no greater than that of the court from which the appeal is taken. *See Dallas County Appraisal Dist. v. Funds Recovery,* Inc., 887 S.W.2d 465, 468 (Tex.App.-Dallas 1994, writ denied). Moreover, the lack of subject matter jurisdiction "cannot be waived." *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 443–44 (Tex. 1993).

Section 21.307(b) of the education code requires that an appeal to district court be perfected no later than thirty days after

the appealing party received notice of the Commissioner's decision *or* the date on which the decision of the board of trustees was affirmed by operation of law if the Commissioner failed to issue a decision within the required period. TEX. EDUC. CODE ANN. § 21.307(b) (Vernon 1996). Pursuant to section 21.304(b) of the education code, the Commissioner must issue a decision no later than thirty days after the last day on which a response to the petition for review may be filed. TEX. EDUC.CODE ANN. § 21.304(b) (Vernon 1996). If the Commissioner fails to issue a decision within that time, the decision of the board is automatically affirmed. *Id.*

As previously noted, DISD's response to Cortez's petition for review was due by December 29, 1997. *See* TEX. EDUC.CODE ANN. § 21.301(b) (Vernon 1996). The Commissioner was therefore required to issue his decision by January 28, 1998. The record is clear that the Commissioner's decision was not issued by this date because the case had been abated previously to allow for mediation. Consequently, the pivotal issue to be addressed here is whether the Commissioner had the authority to enter the January 8 order abating the statutory deadlines. If the Commissioner lacked authority to alter the deadlines imposed by the legislature, the board of trustees' decision was affirmed by operation of law on January 28, 1998. Any appeal to the district court was therefore required to be perfected by February 27, 1998. Absent a timely filed appeal, the trial court had no jurisdiction to review the decision of the board of trustees. We therefore begin our analysis with a discussion of the statutory deadlines set forth in the education code.

When read in its entirety, the statutory scheme evidences a clear intent to expedite the administrative appeals process by imposing mandatory deadlines. *See Moses v. Fort Worth Indep. Sch. Dist.*, 977 S.W.2d 851, 854–55 (Tex.App.-Fort Worth 1998, no pet.). Unlike the administrative procedures act, the education code has no provisions specifically permitting modification of any of the time limits prescribed for the agency. *See* TEX. GOV'T CODE ANN. § 2001.147 (Vernon Pamph.2000). In fact, the education code specifically states an appeal to the Commissioner is not subject to the administrative procedures act. *See* TEX. EDUC.CODE ANN. § 21.301(e) (Vernon 1996).

█ Here, the only authority the Commissioner cited for abating the appeal and statutory deadlines was a state policy encouraging the use of alternative dispute resolution procedures in appropriate aspects of a state agency's operations and programs. *See* Act of May 21, 1997, 75th Leg., R.S., ch. 934, § 1, 1997 Tex. Gen. Laws 2932 (renumbered and amended 1999) (current version at TEX. GOV'T CODE ANN. §§ 2009.001–.055 (Vernon Pamph. 2000)). We are not persuaded that this expression of general policy is sufficient to override the mandatory statutory deadlines set forth in the education code, particularly in light of the fact there is no evidence in the record before us that the Texas Education Agency developed, adopted, and used a plan for alternative dispute resolution for cases appealed to the Commissioner as provided by section 2009.051 of the government code.[1] We conclude the Commissioner had no authority to modify the time tables set forth in the education code. The January 8 order attempting to abate the appeal was therefore a nullity and the school board's decision to terminate Cortez's employment was affirmed automatically on January 28, 1998. *See* TEX. EDUC.CODE ANN. § 21.304(b) (Vernon 1996).

█ Because neither DISD nor Cortez perfected a judicial appeal within thirty days after the date the school board deci-

---

1. We do not reach the issue or express an opinion as to whether the result would be any different if the Texas Education Agency had developed, adopted, and used such an alternative dispute mechanism.

sion was affirmed by operation of law, the district court had no jurisdiction to hear the case. A timely filed appeal is necessary to invoke the district court's jurisdiction. Failure to perfect an appeal in district court within the time prescribed by section 21.307(b) of the education code deprives the district court and, consequently, this Court, of reviewing the merits of this case.

Accordingly, we vacate the trial court's judgment and dismiss this case for want of jurisdiction.