

# NUMBER 13-17-00705-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

POINT ISABEL INDEPENDENT
SCHOOL DISTRICT,                                                    Appellant,

v.

HILDA HERNANDEZ,                                                     Appellee.

On appeal from the 444th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez[1], Longoria, and Hinojosa**
**Memorandum Opinion by Justice Longoria**

Appellee Hilda Hernandez filed a lawsuit against appellant Point Isabel

Independent School District (District) arguing that she was unlawfully terminated from her

---

[1] The Honorable Nelda V. Rodriguez, former Justice of this Court, did not participate in this memorandum opinion because her term of office expired on December 31, 2018.

position with the school due to age discrimination and retaliation. The District filed a plea to the jurisdiction for lack of subject-matter jurisdiction. The trial court denied the plea to the jurisdiction. The District argues on appeal that the trial court lacked jurisdiction over Hernandez's claims under the Texas Commission on Human Rights Act (TCHRA). We reverse and render.

## I. BACKGROUND

Hernandez worked for the District as a teacher. On February 17, 2016, she was asked to resign from her position "over an alleged incident that occurred on or about February 12, 2016." The incident involved an allegation from a third-grade student which was being investigated by Child Protective Services. Hernandez had a hearing before the Board of Trustees (Board) regarding the nonrenewal of her employment contract on or about April 12, 2016. Hernandez did not testify before the Board. After the hearing, the Board determined that Hernandez's contract would not be renewed. Hernandez appealed the Board's decision to the Texas Commissioner of Education (Commissioner).

On June 15, 2016, the Commissioner issued his decision, which included findings of fact and conclusions of law. *See* TEX. EDUC. CODE ANN. § 21.301. The Commissioner found that Hernandez "roughly grabbed a student who was under her supervision" and that Hernandez's action with the student "was unnecessary and without justification and was not done to correct any misbehavior on the part of the student." The student had "minor soft tissue injury" as a result of the incident. The Commissioner found that the nonrenewal of Hernandez's contract was based on the evidence of the incident with the student and therefore was not an unlawful non-renewal, specifically stating that "[s]ubstantial evidence supports [the District's] decision to nonrenew [Hernandez's]

2

contract."  Hernandez appealed the Commissioner's decision to the 357th District Court of Cameron County.  On May 3, 2017, the district court issued a final judgment upholding the Commissioner's decision, denying Hernandez's appeal.

On or about July 29, 2016, Hernandez filed a complaint with the Texas Workforce Commission Division of Civil Rights (Workforce Commission) complaining of age discrimination and retaliation based on the nonrenewal of her contract.  She received a notice of dismissal and right to file a civil action from the Workforce Commission on December 5, 2016, and subsequently filed the underlying lawsuit on January 27, 2017. The District filed a plea to the jurisdiction which was denied.  This appeal followed.

## II.  PLEA TO THE JURISDICTION

The District argues that it has governmental immunity from suit unless Hernandez actually "states a claim for conduct that would violate the Texas Commission of Human Rights Act."  It argues that she cannot establish the elements of her claim under the TCHRA because of collateral estoppel.

## A.  Standard of Review

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit."  *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).  The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action.  *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).  Subject matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, we review the trial court's ruling on a plea to the jurisdiction de novo.  *Id*.  "Sovereign immunity deprives a trial court of jurisdiction over lawsuits in which the state or certain governmental units have been sued, unless the

3

state consents to suit.  As a result, immunity is properly asserted in a plea to the jurisdiction." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, a trial court's review "mirrors that of a traditional summary judgment motion." *Id*. at 635. The trial court must take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228.  The defendant carries the initial burden to meet the summary judgment proof standard for its assertion that the trial court lacks jurisdiction. *Garcia*, 372 S.W.3d at 635.  If it meets its burden, the plaintiff is then required to show that a disputed material fact exists regarding the jurisdictional issue. *Id*.  If there is a fact question regarding the jurisdictional issue, the trial court must deny the plea to the jurisdiction. *Miranda*, 133 S.W.3d at 227–28.  However, if the evidence is undisputed or if the plaintiff failed to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id*. at 228.

## B.    Applicable Law and Analysis

The District, as a political subdivision of the state, is generally immune from suit and liability. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694–95 (Tex. 2003).  The TCHRA waives a government employer's immunity from suit, but only if the plaintiff pleads a prima facie case of prohibited discrimination or retaliation. *See Garcia*, 372 S.W.3d at 635–36.  The District asserts that due to the doctrine of collateral estoppel, Hernandez is unable to state a claim under TCHRA that would waive the District's

4

immunity from suit. Hernandez counters that collateral estoppel is inapplicable because not all of her claims were fully and fairly adjudicated before the Commissioner.

> Collateral estoppel applies to administrative agency orders when the agency is "[a]cting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate. . . ." An agency must have jurisdiction over the disputed issues for courts to give agency findings preclusive effect. Even if the agency is powerless to grant all the relief requested, if it has the authority to make incidental findings essential to the granting of the relief, the agency has primary jurisdiction to hear the dispute.

*Nairn v. Killeen Indep. Sch. Dist.*, 366 S.W.3d 229, 243 (Tex. App.—El Paso 2012, no pet.) (internal citations omitted). The District contends that the case at bar is similar to *Nairn*, arguing that Hernandez already had her opportunity to fully and fairly litigate the reasons for nonrenewal of her contract, and thus is barred by collateral estoppel from doing so again. *See id*. In *Nairn*, a teacher whose employment contract was not renewed filed whistleblower, discrimination, retaliation, hostile work environment, due process, wrongful termination, and tortious interference with contract claims against the school district. *Id*. at 236. The trial court in *Nairn* granted the school district's motion for summary judgment and its supplemental plea to the jurisdiction, while striking Nairn's third amended petition, thus disposing of the case entirely. *Id.* On appeal, the court held that the trial court properly granted the plea to the jurisdiction because the commissioner's decision had already resolved the disputed issues of fact regarding the nonrenewal before him; therefore, "the trial court did not have jurisdiction to consider any claim related to the nonrenewal of Nairn's term contract of employment with KISD, including her wrongful termination claim . . . ." *Id*. at 243–44.

Hernandez argues that because she did not raise age discrimination or retaliation prior to the underlying suit, her claims have not yet been fully and fairly adjudicated, and

5

therefore collateral estoppel cannot apply. While Hernandez contends that she is raising new issues that have not been adjudicated, her complaints of age discrimination and retaliation arise out of the same set of facts and are premised on the issue nonrenewal of her contract. Texas law applies collateral estoppel "to administrative agency orders when the agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." *Bradberry v. Jefferson Cty, Tex.*, 732 F.3d 540, 549–50 (5th Cir. 2013) (quoting *Muckelroy v. Richardson Indep. Sch. Dist.*, 884 S.W.2d 825, 830 (Tex. App.—Dallas 1994, writ denied)). Some considerations that weigh in favor of determining whether a party had an "adequate opportunity to litigate" include representation by counsel, witness testimony, the ability to cross-examine, and application of the rules of evidence. *See Turnage v. JPI Multifamily, Inc.*, 64 S.W.3d 614, 620 (Tex. App.—Houston [1st Dist.] 2001, no pet.). There has not been any argument that the proceedings before the Commissioner were inadequate in these ways, and we conclude that collateral estoppel is potentially available. *See Bradberry*, 732 F.3d at 550.

Under § 21.209 of the Texas Education Code, the Commissioner had jurisdiction over the issues regarding the nonrenewal of Hernandez's contract. *See* TEX. EDUC. CODE ANN. § 21.209. A full hearing was held on Hernandez's appeal of the District's nonrenewal of her contract. Both parties were represented by counsel and Hernandez chose not to testify at the hearing. Hernandez had an adequate opportunity to fully and fairly litigate the issue of the nonrenewal of her contract as well as the facts supporting her position. *See Nairn*, 366 S.W.3d at 243. The Commissioner was presented with the issue of whether the nonrenewal of Hernandez's contract was supported by substantial evidence.

6

Here, the decision of the Commissioner, acting in a judicial capacity, based on all of the facts presented by the parties, clearly establishes legitimate, non-discriminatory reasons for the adverse action. *Id*. at 244. The facts underlying Hernandez's nonrenewal claim are the same that she now bases her retaliation and discrimination claims on, and Hernandez has not presented any additional facts which occurred after the Commissioner's decision. *Id*. Hernandez appealed the decision of the Commissioner, and the Commissioner's decision was upheld by the trial court. As a result, to the extent that Hernandez attempted to litigate the issue of the nonrenewal of her contract in the district court, she was precluded from doing so because the district court had no jurisdiction to hear the facts in support of that claim. *Id.* at 242 (citing *Moses v. Dallas*, 12 S.W.3d 168, 172 (Tex. App.—Dallas 2000, no pet.)). We sustain the District's sole issue.

### III.    CONCLUSION

We reverse the judgment of the trial court and render judgment dismissing the case.

NORA L. LONGORIA
Justice

Delivered and filed the
13th day of June, 2019.

7