

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00412-CV

_____

CHRISTOPHER RAMSEY, NATASHA RANDOLPH, KYNDEE VENABLE, AND
AUBREY VENABLE, Appellants

V.

CRICKETT MILLER, PAT DEEN, GEORGE CONLEY, CRAIG PEACOCK,
LARRY WALDEN, AND STEVE DUGAN, Appellees

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CV22-0923

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

In this case, we must decide whether the trial court has subject matter jurisdiction to adjudicate Appellants' complaints concerning Parker County's use of an electronic voting system. The trial court granted Parker County's plea to the jurisdiction and dismissed Appellants' lawsuit. Because we agree with the trial court's conclusion that it lacks jurisdiction, we will affirm.

### II. BACKGROUND

In August 2022, Appellants Christopher Ramsey, Natasha Randolph, Kyndee Venable, and Aubrey Venable—all acting pro se—filed suit against Parker County[1] claiming that its use of an electronic voting system had violated—and will continue to violate—certain provisions of the Texas Election Code and certain of Appellants' federal and state constitutional rights, including their rights to due process and equal protection. In broad terms, Appellants alleged that electronic voting systems may be subject to attack by cybercriminals or hostile foreign actors who might wish to manipulate the outcome of elections and that this vulnerability creates a risk that Appellants' votes might not be counted properly. Based on these allegations,

---

[1]Appellants named Parker County Elections Administrator Crickett Miller; Parker County Judge Pat Deen; and Parker County Commissioners George Conley, Craig Peacock, Larry Walden, and Steve Dugan as defendants. Because Appellants sued these individuals in their official capacities, we refer to the defendants (Appellees here) collectively as Parker County for ease of discussion.

Appellants sought, among other things, a declaratory judgment that Parker County's approval of its electronic voting system was unlawful and emergency injunctive relief prohibiting Parker County from "requiring or permitting voters to have votes cast or tabulated using any electronic voting systems . . . ."

Parker County filed a plea to the jurisdiction and a motion to dismiss Appellants' lawsuit in which it asserted that the trial court lacked subject matter jurisdiction because, among other things, Appellants did not have standing and had failed to plead sufficient facts to overcome Parker County's governmental immunity. After a hearing, the trial court signed an order dismissing Appellants' lawsuit for lack of jurisdiction. Appellants, again acting pro se, timely filed this appeal.

## III. DISCUSSION

### A. Pleas to the Jurisdiction Generally: Standard of Review and Applicable Law

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). A jurisdictional plea's purpose is to defeat a cause of action without regard to the asserted claims' merits. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea may challenge the pleadings, the existence of jurisdictional facts, or both. *Alamo Heights ISD v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). The plea to the jurisdiction standard generally mirrors that of a traditional motion for summary judgment under Texas Rule of Civil Procedure 166a(c). *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). Under this standard, the governmental unit must

3

meet the summary judgment standard of proof by successfully asserting and supporting with evidence that the trial court lacks subject matter jurisdiction. *Id.* The burden then shifts to the plaintiff, who—when the facts underlying the merits and subject matter jurisdiction are intertwined—must show that there is a disputed material fact regarding the jurisdictional issue. *Id.* (citing *Huckabee v. Time Warner Ent. Co.*, 19 S.W.3d 413, 420 (Tex. 2000)).

Whether the trial court has subject matter jurisdiction is a legal question that we review de novo. *Id.* at 226. We review a plea to the jurisdiction by considering the pleadings, the factual assertions, and all relevant evidence in the record. *City of Houston v. Hous. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 575 (Tex. 2018). When reviewing a plea to the jurisdiction that incorporates evidence implicating the merits of the case, we must "take as true all evidence favorable to the nonmovant" and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Miranda*, 133 S.W.3d at 228 (citing *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997)). If the evidence creates a fact question regarding jurisdiction, the trial court must deny the plea and leave its resolution to the factfinder. *Id.* at 227–28. But if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Id.* at 228.

## B. Scope of this Appeal

While Appellants' brief addresses the jurisdictional issues raised in Parker County's plea to the jurisdiction, it also includes arguments regarding the substantive

4

merits of Appellants' claims, which are not properly at issue in this appeal. *See Kehoe v. Kendall Cnty.*, No. 04-19-00825-CV, 2020 WL 4045991, at *2 (Tex. App.—San Antonio July 15, 2020, no pet.) (mem. op.) (citing *MHCB (USA) Leasing & Fin. Corp. v. Galveston Cent. Appraisal Dist. Rev. Bd.*, 249 S.W.3d 68, 89 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)). Because all of Appellants' enumerated appellate issues relate to the substantive merits of their claims, we will not address them.[2] Rather, we will limit our inquiry to the sole question decided by the trial court: whether it has subject matter jurisdiction to adjudicate Appellants' claims.[3] *See MHCB*, 249 S.W.3d at 89. To resolve this question, we must, as a threshold matter, determine whether Appellants have standing.

---

[2]Although we will not address the merits of Appellants' claims, we may, if necessary, consider the claims' viability in determining whether Parker County retains governmental immunity. *See Perez v. Turner*, 653 S.W.3d 191, 198 (Tex. 2022).

[3]In their brief, Appellants argue that the trial judge was biased because Appellants' lawsuit calls into question "the methods and mechanisms through which [he himself was] granted office." We construe this as a complaint that the trial judge should have recused himself due to bias. *See* Tex. R. Civ. P. 18b(b)(2) (providing that "[a] judge must recuse in any proceeding in which . . . the judge has a personal bias or prejudice concerning the subject matter or a party"). "But a litigant claiming that a judge is biased or prejudiced must timely move to recuse the judge in the trial court in accordance with Rule 18a; otherwise the issue is waived on appeal." *Jonson v. Duong*, 642 S.W.3d 189, 195 (Tex. App.—El Paso 2021, no pet.) (first citing *Nairn v. Killeen Indep. Sch. Dist.*, 366 S.W.3d 229, 250–51 (Tex. App.—El Paso 2012, no pet.); and then citing *Esquivel v. El Paso Healthcare Sys., Ltd.*, 225 S.W.3d 83, 88 (Tex. App.—El Paso 2005, no pet.)); *accord Franklin v. City of Fort Worth*, No. 02-12-00453-CV, 2014 WL 3696092, at *4 (Tex. App.—Fort Worth July 24, 2014, no pet.) (mem. op.). Here, the record contains no motion to recuse, and Appellants do not contend in their brief that they raised the trial judge's alleged bias below. Accordingly, the issue is not preserved for our review, and we will not address it. *See Jonson*, 642 S.W.3d at 195.

## C. Standing

"Standing is a constitutional prerequisite to maintaining suit[]" and an essential component of subject matter jurisdiction. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004). Ordinarily, a citizen lacks standing to bring a lawsuit challenging the lawfulness of governmental acts. *Brown v. Todd*, 53 S.W.3d 297, 302 (Tex. 2001). "This is because '[g]overnments cannot operate if every citizen who concludes that a public official has abused his discretion is granted the right to come into court and bring such official's public acts under judicial review.'" *Andrade v. Venable*, 372 S.W.3d 134, 136–37 (Tex. 2012) (quoting *Bland*, 34 S.W.3d at 555).

The general test for constitutional standing in Texas is whether there is a justiciable controversy between the parties that will actually be resolved by the relief sought in court. *Bacon v. Tex. Hist. Comm'n*, 411 S.W.3d 161, 174 (Tex. App.—Austin 2013, no pet.) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). Thus, constitutional standing concerns not only whether a justiciable controversy exists, but also whether the particular plaintiff has a sufficient personal stake in the controversy to assure that it is "actual" in the sense that the court's decision would resolve it. *Id.* (first citing *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 442 (Tex. 1998); and then citing *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996)).

The Texas Supreme Court, noting the parallels between the tests for standing under federal and Texas law and looking to the United States Supreme Court for guidance, has explained that standing requires three essential elements:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 154–55 (Tex. 2012) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136 (1992)).

Thus, a plaintiff "su[ing] solely as [a] citizen[] . . . insist[ing] that the government follow the law" does not have standing. *See Andrade v. NAACP of Austin*, 345 S.W.3d 1, 8 (Tex. 2011). Rather, "regardless of the claim asserted, 'a plaintiff must show that he has suffered a particularized injury distinct from the general public.'"[4] *Perez*, 653 S.W.3d at 199 (quoting *Venable*, 372 S.W.3d at 137).

---

[4]We note that Appellants seek, among other things, injunctive relief under Texas Election Code Section 273.081. But the Texas Supreme Court has made it clear that this statutory provision does not itself create standing; rather, a plaintiff seeking injunctive relief under Section 273.081 must still show "injury or damage 'other than as a member of the general public.'" *In re Morris*, No. 23-0111, 2023 WL 2543047, at *7 n.47 (Tex. Mar. 17, 2023) (quoting *NAACP of Austin*, 345 S.W.3d at 17).

Here, Appellants have failed to establish standing. First, the injury that they have alleged is not "concrete and particularized." *See Heckman*, 369 S.W.3d at 154–55 (quoting *Lujan*, 504 U.S. at 560–61, 112 S. Ct. at 2136). Instead, Appellants merely assert a generalized grievance. *See Lujan*, 504 U.S. at 573–74, 112 S. Ct. at 2143. The preliminary statement to Appellants' petition reveals the generalized nature of their claims:

> This . . . is an action to bring transparency, fairness, honesty, and exemplary quality to Texas elections and to hold responsible those government officials who violate the equal protection and due process rights of [Appellants] *(and all Texas citizens)* guaranteed by the Texas Constitution. . . . [Appellants] *(and all Texas citizens)* ha[ve] a fundamental legal right to the clearly established principles of election equality, integrity, accurateness, honesty, and justice. [Emphasis added.]

This excerpt plainly demonstrates that Appellants filed suit "solely as citizens . . . insist[ing] that the government follow the law." *See NAACP of Austin*, 345 S.W.3d at 8. Far from asserting disparate treatment or a particularized injury, Appellants actually imply that they are in the same situation as "all Texas citizens."[5]

---

[5]In *NAACP of Austin*, the Texas Supreme Court recognized that voters often have standing to bring claims asserting a denial of equal protection and held that the appellants had standing to sue for an equal protection violation based on their complaint that they were forced to use a specific electronic voting system adopted by Travis County while absentee voters, members of the military, and voters living in counties other than Travis County were not. 345 S.W.3d at 6–11. Appellants assert an equal protection claim, but unlike the *NAACP of Austin* appellants, they do not allege disparate treatment. The closest Appellants come to making such an allegation is their statement that "[a] voting system that counts ballots cast by some voters using different standards from ballots cast by other voters also violates the Equal Protection rights of the voters." Even if this vague assertion—which is buried in Appellants' request for emergency injunctive relief and is not included in the section of their

8

Thus, they have failed to show that they have "suffered a particularized injury distinct from the general public." *See Perez*, 653 S.W.3d at 199 (quoting *Venable*, 372 S.W.3d at 137); *see also Garcia v. City of Willis*, 593 S.W.3d 201, 206–08 (Tex. 2019) (holding appellant lacked standing to bring prospective claims regarding the constitutionality of red-light traffic cameras because he "st[ood] in the same shoes as any other citizen who might potentially be fined for running a red light" and therefore "lack[ed] the particularized interest for standing that prospective relief requires").

Second, Appellants do not allege an "actual or imminent" injury. *See Heckman*, 369 S.W.3d at 154 (quoting *Lujan*, 504 U.S. at 560, 112 S. Ct. at 2136). Appellants' claimed injury is premised on the possibility that cybercriminals or hostile foreign actors might be able to manipulate the outcome of elections in Parker County. However, Appellants have not shown that such manipulation has actually occurred or

petition describing their equal protection cause of action—could be considered sufficient to assert an equal protection claim based on disparate treatment, Appellants would still lack standing because, as will be discussed below, their complaint of possible injury is based on the certification of electronic voting systems, a duty given exclusively to the Texas Secretary of State, not Parker County. *See* Tex. Elec. Code Ann. § 122.031(a). Thus, the alleged injury is not "fairly . . . trace[able] to the challenged action of the defendant." *See Heckman*, 369 S.W.3d at 154. Moreover, even if we were to assume that Appellants have standing to bring such a claim, the trial court would still lack subject matter jurisdiction because the claim is not viable and thus Parker County would retain governmental immunity. *See NAACP of Austin*, 345 S.W.3d at 11–14; *see also Perez*, 653 S.W.3d at 198 ("If the plaintiff's claim lacks merit even when taking the pleaded facts as true, the pleading has not overcome the government's immunity."). As the supreme court pointed out in concluding that the *NAACP of Austin* appellants' similar equal protection claim concerning the certification of electronic voting machines was not viable, "[n]o voting system is [perfect]," and while other voting systems may provide more security, "the equal protection clause does not require infallibility." 345 S.W.3d at 14.

is imminent. Because Appellants allege an injury that is merely "'conjectural' or 'hypothetical,'" they have not established standing. *See id.*

Third, Appellants' alleged injury is not "fairly . . . traceable" to Parker County's conduct. *See id.* Appellants' complained-of injury stems from the certification and approval of the electronic voting system utilized by Parker County (or electronic voting systems in general). But Parker County plays no role in the certification process; rather, this is the sole responsibility of the Texas Secretary of State. *See* Tex. Elec. Code Ann. § 122.031(a). Thus, Appellants have failed to show a causal connection between Parker County's actions and the potential injury that they allege. *See Heckman*, 369 S.W.3d at 154 (quoting *Lujan*, 504 U.S. at 560, 112 S. Ct. at 2136); *Ellis v. Wildcat Creek Wind Farm LLC*, No. 02-20-00050-CV, 2021 WL 1134416, at *3, *6–8 (Tex. App.—Fort Worth Mar. 25, 2021, no pet.) (mem. op.) (holding that appellants lacked standing because, among other things, they had failed show a causal link between their injury and the defendant's conduct).

In sum, because Appellants failed to establish the required elements of standing, the trial court properly dismissed their lawsuit for lack of jurisdiction.

## IV. CONCLUSION

Having determined that Appellants lack standing and that the trial court thus lacks subject matter jurisdiction, we affirm the trial court's dismissal order.

/s/ Dana Womack

Dana Womack
Justice

Delivered:  May 25, 2023