

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE UNIVERSITY OF TEXAS AT EL PASO, | § | No. 08-24-00025-CV |
| | § | Appeal from the |
| Appellant, | | |
| | § | County Court at Law No. 6 |
| v. | | |
| | § | of El Paso County, Texas |
| GABRIEL SORIANO, | | |
| | § | (TC# 2019DCV1262 |
| Appellee. | | |
| | § | |

**MEMORANDUM OPINION**

Appellee Gabriel Soriano was terminated from his position as a maintenance worker at The University of Texas at El Paso (UTEP) for conduct in violation of policy. Filing suit, Soriano alleged claims of gender discrimination, hostile work environment, and retaliation. UTEP followed by filing a plea to the jurisdiction asserting Soriano failed to plead sufficient facts to establish a prima facie case as to any of his claims. The trial court denied the jurisdictional plea in its entirety. For the reasons below, we reverse the trial court's order and dismiss all of Soriano's claims for lack of jurisdiction.

# I. BACKGROUND

On October 16, 2012, Soriano began his employment as a Maintenance Worker I in UTEP's Facilities Services Department. Jesus Olmedo hired Soriano and served as his direct supervisor. At his hiring, Soriano signed a form acknowledging and agreeing that he understood his employment was subject to "all state laws, Regents' Rules and Regulations, and local Institutional rules."

On June 25, 2015, UTEP issued a written warning to Soriano for excessive tardiness. The written warning noted that Soriano was previously given verbal warnings regarding the same conduct. When Olmedo questioned him on his tardiness, Soriano responded: "I am doing it on purpose because I want to tell management that they don't pay me enough." Soriano signed the written warning letter acknowledging receipt. On June 1, 2016, UTEP issued an intent to suspend letter to Soriano. The letter alleged that Soriano and another employee had engaged in an unprofessional exchange consisting of the use of profane, abusive language, and threats of fighting. Further, the letter stated the exchange occurred in the presence of a vendor on site for training. The letter noted that further violations by Soriano would result in further disciplinary action, including the termination of employment. Soriano did not provide a response to the intent to suspend letter. As a disciplinary measure, Olmedo suspended Soriano for three days without pay.

On April 12, 2017, UTEP issued an intent to terminate employment memorandum to Soriano citing unacceptable conduct in violation of its policies. In the memorandum, Olmedo noted that during one of their regularly scheduled, weekly meetings, Soriano expressed his dissatisfaction with his work schedule and demanded he be allowed to come in at 6:00 a.m. Olmedo explained that he "may bring in someone early because of operational needs, but it is not a regular

2

practice for any employee." Olmedo noted that Soriano then began to raise his voice and accused Olmedo of acting unfairly. Olmedo noted that Soriano was "yelling at [him] disrespectfully" and pointed his finger at Olmedo. Olmedo requested they continue the conversation in his office and Soriano continued his behavior. Soriano demanded another employee, Manny Quinones, be present or he would go to human resources. Olmedo advised Soriano that it was his right to go to human resources and told him of his "open door policy to discuss any concerns." Olmedo noted that Soriano continued to act "belligerently," demanding Olmedo draft a letter that he was being terminated. Lastly, Olmedo stated Soriano "threw" his radio on the table in a "forceful and threatening manner." Soriano then left the meeting, in disregard of protocols, as the meeting had not otherwise adjourned.

Soriano responded with a written response where he acknowledged a verbal altercation but denied he behaved disrespectfully. He asserted he did not raise his voice or point his finger at Olmedo. Soriano disputed that he "demanded" a different schedule and asserted he complained that another employee, Mario Hernandez, was allowed to come into work early. He contended that he was always calm, and that Olmedo told him that the door was "wide open" for him to leave. Finally, he disputed that he threw his radio. UTEP proceeded with its proposed termination and terminated Soriano's employment effective April 19, 2017. After Soriano appealed his termination, the decision was upheld by Greg McNicol, an Associate Vice President of UTEP's Facilities Management.

On April 28, 2017, Soriano filed a charge of discrimination with the Texas Workforce Commission. In his charge, Soriano stated:

> On or around April 12, 2017 I received a letter from [UTEP] indicating my imminent termination due to violating policy. However, before receiving this letter I previously complained to Human Resources and my supervisor (Jesus Olmedo)

3

about a co-worker (Mario Hernandez) watching pornographic items on the company computer. However, [UTEP] never took appropriate, immediate and corrective action.

I believe I was discriminated against, in the manner described above, because of my sex (male) and for complaining about discrimination . . . .

UTEP responded with a position statement denying Soriano's claims of discrimination and retaliation. Additionally, it provided documentation supporting its reasons for terminating Soriano. On May 17, 2018, the EEOC issued a right to sue letter to Soriano.

On April 8, 2019, Soriano filed suit against UTEP alleging sex discrimination, hostile work environment, and retaliation in violation of the Texas Commission on Human Rights Act (TCHRA). UTEP filed a plea to the jurisdiction asserting it was entitled to sovereign immunity because Soriano failed to establish a prima facie case as to each of his claims. Soriano responded, attaching his own affidavit. The trial court denied UTEP's plea to the jurisdiction and UTEP timely filed an interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

## II. ISSUES ON APPEAL

UTEP asserts four issues on appeal. First, UTEP contends the trial court erred in denying its plea against Soriano's gender discrimination claim, asserting Soriano failed to establish a prima facie case of discrimination and failed to show that UTEP's legitimate, non-discriminatory reason for his termination was both false and a pretext for discrimination. Second, UTEP asserts the application of "the same actor inference" negates any inference of gender discrimination. Third, UTEP maintains the trial court erred in denying its plea against Soriano's hostile work environment claim, urging he failed to show unwelcome harassment, any material impact on his employment, or that UTEP knew or should have known of harassment yet failed to take prompt remedial action. Finally, UTEP argues the trial court erred in denying its plea on Soriano's

4

retaliation claim because he failed to show he engaged in a protected activity, or that any causal link existed between such activity and his termination.

### III. STANDARD OF REVIEW AND APPLICABLE LAW

Governmental immunity deprives a trial court of jurisdiction over suits against a governmental unit absent the Legislature's consent to suit. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). UTEP, as a state institution, enjoys immunity protection unless it has been expressly waived.[1] *Texas Tech Univ. Health Sciences Ctr.-El Paso v. Niehay*, 671 S.W.3d 929, 935 (Tex. 2023). The Legislature has waived immunity for claims properly brought under the TCHRA, "but only if the plaintiff alleges facts that would establish that the state agency violated the Act and, when challenged with contrary evidence, provides evidence that is at least sufficient to create a genuine fact issue material to that allegation." *Id.* (quoting *Texas Tech Univ. Health Scis. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 305 (Tex. 2020)). Absent evidence of the defendant's violation of TCHRA, the trial court lacks subject-matter jurisdiction. *Texas Tech Univ. Sys. v. Martinez*, 691 S.W.3d 415, 419 (Tex. 2024).

We review de novo whether a trial court has subject matter jurisdiction. *Miranda*, 133 S.W.3d at 226. When, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Id.* at 227. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue must be resolved by the factfinder. *Id.* at 227–28. If the evidence is undisputed or fails to raise a

---

[1] By its terms, the TCHRA defines an "employer" to include state agencies, which in turn includes institutions of higher education such as UTEP. Tex. Lab. Code Ann. §§ 21.002(8)(D) (defining "employer" to include state agency), 21.002(14)(C) (defining "state agency" to include "an institution of higher education").

fact question on the jurisdictional issue, then the trial court rules on the plea to the jurisdiction as a matter of law. *Id*. at 228.

Texas courts analyze the discrimination claims utilizing the *McDonnell Douglas* burden-shifting framework first set out by the United States Supreme Court. *See Flores*, 612 S.W.3d at 305 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under that framework, the plaintiff's initial burden is to establish a prima facie case of discrimination. *Id.* If he satisfies that burden, a presumption of discrimination arises. *Id.* at 305. This initial burden is "not onerous." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 634 (Tex. 2012). The burden then shifts to the employer to defeat the presumption of discrimination by producing evidence of a legitimate, non-discriminatory reason for the challenged employment action. *Id.* If the employer establishes that reason, the presumption of discrimination then disappears, and the burden returns to the employee to produce evidence that the employer's stated reason is false and a pretext for discrimination. *Id.* "[W]hen jurisdictional evidence negates the prima facie case or . . . rebuts the presumption it affords, some evidence raising a fact issue on retaliatory intent is required to survive a jurisdictional plea." *Alamo Heights Ind. Sch. Dist. v. Clark*, 544 S.W.3d 755, 764 (Tex. 2018).

## IV. SEX OR GENDER DISCRIMINATION

In its first and second issues, UTEP contends that the trial court erred in denying its plea to the jurisdiction as to Soriano's gender discrimination claim. The TCHRA provides:

> An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:
>
> > (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or

6

(2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

Tex. Lab. Code Ann. § 21.051. A prima facie case of sex or gender discrimination under the TCHRA required Soriano to present evidence that he: (1) was a member of a protected class (that is, a male); (2) was qualified for his position; (3) suffered an adverse employment action; and (4) was either (a) replaced by a female or (b) otherwise treated less favorably than similarly situated employees outside the protected class. *Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005) (per curiam); *Auto Zone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008). Employees are similarly situated if their circumstances are comparable in all material respects, including similar standards, supervisors, and conduct. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 584 (Tex. 2017).

Soriano's petition alleged that he was discriminated against "as a male." By its plea, UTEP asserted that Soriano failed to establish a prima facie case of gender discrimination as he did not provide evidence that he was replaced by a female or treated less favorably than similarly situated employees outside his protected class. In his response to UTEP's plea, Soriano did not address UTEP's challenge against his gender discrimination claim but instead focused on his retaliation claim. On appeal, UTEP reasserts that Soriano failed to meet his burden to present a prima facie case of gender discrimination, pointing to evidence that Soriano was replaced by males, and that comparators were also male and not proper comparators. Again, in his appellee's brief, Soriano neither addresses nor produces evidence to establish a prima facie case on his gender discrimination claim. *Flores*, 612 S.W.3d at 305.

7

Accordingly, we conclude Soriano failed to present any evidence to establish a prima facie case of gender discrimination. The trial court erred in failing to dismiss Soriano's gender discrimination claim. We sustain UTEP's first and second issue.

## V.  HOSTILE WORK ENVIRONMENT

In its third issue, UTEP contends that Soriano failed to establish a prima facie case of a hostile work environment.

The elements of a prima facie case of hostile work environment are: (1) the employee belongs to a protected group; (2) the employee was subjected to unwelcome harassment; (3) the harassment complained of was based on the protected characteristic; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Nairn v. Killeen Indep. Sch. Dist.*, 366 S.W.3d 229, 245 (Tex. App.—El Paso 2012, no pet.). In determining whether a hostile work environment exists, courts look to all of the circumstances, including the frequency of the discriminatory conduct and whether it unreasonably interfered with the employee's work performance. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 806 (Tex. 2010) (stating such in sexual-harassment claim).

Like with his gender discrimination claim, Soriano failed to address UTEP's challenge to his prima facie case of hostile work environment both in his response to UTEP's plea and on appeal. Although he mentions that Olmedo "began to create a hostile work environment" once in his brief, he does not otherwise address his initial burden to make a prima facie showing in support of the claim. For this reason, we conclude Soriano failed to establish a prima facie case of hostile

work environment, and we will address his complaints, to the extent they are relevant, in review of his retaliation claim. *Nairn*, 366 S.W.3d at 245.

Accordingly, the trial court erred in failing to dismiss Soriano's hostile work environment claim. We sustain UTEP's third issue.

## VI. RETALIATION

Finally, in its fourth issue, UTEP contends Soriano failed to establish a prima facie case of retaliation. UTEP argues Soriano failed to show he engaged in a protected activity, or any causal link between such activity and his termination, particularly given the decision-maker's lack of knowledge of the purported protected activity.

The TCHRA prohibits an employer from retaliating against an employee for engaging in protected activity such as opposing a discriminatory practice or making a charge of discrimination. *See* Tex. Lab. Code Ann. §§ 21.051, 21.055. "To establish a prima facie case of retaliation, an employee must show: (1) [he] engaged in an activity protected by the TCHRA, (2) [he] experienced a material adverse employment action, and (3) a causal link exists between the protected activity and the adverse action." *Clark*, 544 S.W.3d at 782.

A claim for retaliation requires a showing that an employer made an adverse employment decision against an employee "who voices opposition to conduct made unlawful under the [TCHRA]." *City of Waco v. Lopez*, 259 S.W.3d 147, 152 (Tex. 2008). The TCHRA lists protected activities as: (1) opposing a discriminatory practice; (2) making or filing a charge; (3) filing a complaint; and (4) testifying, assisting, or participating in any manner in an investigation, proceeding or hearing. Tex. Lab. Code Ann. § 21.055. A plaintiff must show he "complained about harassment or discrimination based on race, color, disability, religion, sex, national origin, or age

9

for the complaint to qualify as a protected activity for the purpose of establishing a prima facie case of retaliation." *Texas Dep't of Family & Protective Services v. Whitman*, 530 S.W.3d 703, 714 (Tex. App.—Eastland 2016, no pet.). Opposing a discriminatory practice is a protected activity regardless of the merits of the underlying discrimination claim, although "the employee must demonstrate a good-faith, reasonable belief that the underlying discriminatory practice violated the TCHRA." *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 137 (Tex. 2015).

### A. Prima facie case of retaliation

Soriano contends he established a prima facie case because he engaged in protected activity and he thereafter suffered an adverse employment action. Further, he contends that he was terminated within approximately two weeks of engaging in protected activity, showing a causal link. *See Univ. of Texas at El Paso v. Esparza*, 510 S.W.3d 147, 159 (Tex. App.—El Paso 2016, no pet.) (collecting cases indicating one month is sufficient to raise a fact issue on the causation element but three months is insufficient). Although UTEP acknowledges Soriano experienced an adverse employment action, it disputes that he engaged in protected activity. Therefore, we must first determine whether Soriano raised a fact issue that he engaged in protected activity.[2]

Soriano presents that he engaged in protected activity when he made reports of discrimination to his supervisor, UTEP's EEO office, and UTEP's human resources. Soriano attests he voiced concerns about other coworkers being "belittled, sexually harassed, and treated badly" by another employee, Hernandez. He claims he reported that Hernandez was harassing a

---

[2] Soriano did file a formal Charge of Discrimination *after* he was terminated. Therefore, Soriano's Charge cannot support his retaliation claim. *See Esparza v. Univ. of Texas at El Paso*, 471 S.W.3d 903, 914 (Tex. App.—El Paso 2015, no pet.) (holding university's actions that occurred before plaintiff filed her EEOC charge could not have been caused by the EEOC filing).

female employee.[3] He additionally complained that Hernandez harassed a male employee by calling him "gay" and "little girl" in Spanish because the employee had a high-pitched voice. Soriano also asserts he reported that Hernandez watched pornographic materials on company equipment, which he believed was an extremely inappropriate thing to do around him and other female colleagues. Soriano states that Olmedo told him to mind his own business. Also, he presents that those who took his report at human resources "did not take a single note" and did not investigate his complaints.

Courts have held that vague charges of discriminatory practice will not invoke the protections under the statute. *See Whitman*, 530 S.W.3d at 714–15 (holding a vague complaint that plaintiff did not appreciate her coworker's statements were not specific enough about sexual harassment to invoke the protection of the Act); *Lewis v. Lowe's Home Centers, Inc.*, No. 13-12-00629-CV, 2014 WL 2937010, at *4 (Tex. App.—Corpus Christi June 26, 2014, no pet.) (mem. op.) ("The report must, however, contain sufficient description to at least alert an employer of what discriminatory practice the employee reasonably believes occurred; '[a] vague charge of discrimination will not invoke the protection under the statute.'"). Soriano's complaints were insufficient in that they did not complain that he or his fellow employees were being discriminated against based on race, color, disability, religion, sex, national origin, or age. Additionally, his general complaint of "sexual harassment" failed to include sufficient details to demonstrate illegal activity. A complaint of sexual harassment is actionable "only if it is so severe or pervasive as to alter the conditions of [the victim's] employment and create an abusive working environment." *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 138 (Tex. 2015) (quoting *Clark Cnty. Sch.*

---

[3] In his affidavit, Soriano stated "[t]here is a letter signed by [the female employee] about the harassment." No such letter, or details of its contents, is contained in our record.

*Dist. v. Breeden,* 532 U.S. 268, 270 (2001)). Moreover, he made no allegation that UTEP engaged in sexual harassment based on discrimination against him or any other employees. *Lucan v. HSS Sys., L.L.C.*, 439 S.W.3d 606, 615 (Tex. App.—Eastland 2014, no pet.) (finding claims of coworkers engaging in "physical conduct of a sexual or otherwise offensive nature," were insufficient to raise a fact issue because, even if it did fall within the definition of sexual harassment, there was no allegation that her employer engaged in unlawful discrimination).

Soriano also complained that Olmedo made him feel inadequate and would humiliate him in front of others. He additionally asserts that Olmedo treated Hernandez favorably in that Olmedo demanded respect from all employees except Hernandez and allowed Hernandez to go in early to work and arrive tardy, when the same was not allowed of Soriano. Hernandez is a Hispanic male, like Soriano. Any complaint of preferential treatment or salary issues cannot support a retaliation claim when there is no complaint that the preferential or different treatment was based on race, color, disability, religion, sex, national origin, or age. Tex. Lab. Code Ann. § 21.051; *Whitman*, 530 S.W.3d at 714. These complaints neither qualify as protected activity nor support Soriano's retaliation claim.

We conclude Soriano failed to present sufficient evidence to raise a fact issue on whether he engaged in a protected activity under § 21.055 of the TCHRA. Accordingly, Soriano failed to establish a prima facie case of retaliation.

### B. But-for causation

Even if we were to assume a prima facie case was established, UTEP showed it terminated Soriano's employment due to repeated violations of its policies. Accordingly, UTEP has met its burden to rebut a prima facie case of retaliation. *See Flores*, 612 S.W.3d at 305; *Cothran v. Potter,* 398 F. App'x 71, 73 (5th Cir. 2010) ("[T]he employer's burden is one of production, not

persuasion, and does not involve a credibility assessment."). The burden then shifts back to Soriano to produce evidence to create a material fact issue as to whether UTEP's stated reason for terminating him was false and a pretext for a retaliatory purpose. *See Alamo Heights*, 544 S.W.3d at 790; *Flores*, 612 S.W.3d at 305.

In support of causation, Soriano relies on the close temporal proximity between his alleged reports and his termination. Beyond temporal proximity, which alone does not raise a fact as to but-for causation, Soriano has not come forward with other evidence showing he would have not been terminated but for his report. *See Texas Health & Human Services v. Sepulveda*, 668 S.W.3d 856, 876 (Tex. App.—El Paso 2023, no pet.); *see also Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007) (recognizing that "temporal proximity alone is insufficient to prove but for causation").

Additionally, to contest UTEP's reasons for termination, Soriano only points to his own affidavit in which he denied UTEP's presentation of his behavior during the March 30 meeting. He also presents evidence that he received prior promotions. However, Soriano's subjective belief that his actions did not violate UTEP's policies is insufficient to meet his burden to show a fact issue on but-for causation. *See Alamo Heights*, 544 S.W.3d at 792; *Cnty. of El Paso v. Flores*, 677 S.W.3d 31, 43 (Tex. App.—El Paso 2023, pet. denied) ("Generally speaking, self-serving, speculative, and conclusory statements of fact or law are insufficient to raise a material issue of fact; thus, we look to additional evidence in the record to determine whether a fact issue exists.").

Because our ultimate focus remains on whether Soriano can show that he would not have been terminated *but for* his reports to human resources and to Olmedo, we conclude Soriano has failed to establish a waiver of immunity. *Sepulveda*, 668 S.W.3d at 873. Accordingly, the trial court erred in denying UTEP's plea to the jurisdiction. We sustain UTEP's fourth issue.

13

## VII.  CONCLUSION

We reverse the trial court's order denying UTEP's plea to the jurisdiction as to all of Soriano's claims and order all of Soriano's claims be dismissed.


GINA M. PALAFOX, Justice

January 29, 2025

Before Salas Mendoza, C.J., Palafox, J., and Gabriel, J., (Senior Justice, Ret.)
Gabriel, J., (Senior Justice, Ret.) sitting by assignment